**J. M. CHANDLER, Appellant,**

v.

**J. (Jerome) O. BROWN et al., Appellees.**

No. 5195.

Court of Civil Appeals of Texas.

El Paso.

March 13, 1957.

Rehearing Denied May 8, 1957.

Chas. L. Klapproth, Midland, J. M. Chandler, Shreveport, La., for appellant.

F. H. Pannill, Stubbeman, McRae & Sealy, Midland, Scarborough, Yates, Scarborough & Black, Abilene, for appellees.

HAMILTON, Chief Justice.

This is a suit wherein J. M. Chandler, appellant, sued J. (Jerome) O. Brown, Daryl Davis, and D. A. Ross, in trespass to try title for one-third interest in and to the minerals in and under 1630 acres of land lying in Midland County. On motions for summary judgment filed by J. (Jerome) O. Brown and Daryl Davis and D. A. Ross, appellees, the court entered judgment that appellant J. M. Chandler take nothing as against appellees, from which judgment J. M. Chandler appeals.

The record title to the property in question is as follows: The common source of title to such property is shown to be in the appellant, J. M. Chandler. He conveyed the property to C. M. Pynes by deed recorded in 1929. C. M. Pynes conveyed to J. O. Brown by deed recorded in 1930. J. O. Brown executed an oil and gas lease on the undivided one-third mineral interest in question to appellee Daryl Davis, dated April 27, 1951. Daryl Davis assigned said lease to D. A. Ross May 2, 1951. On December 14, 1951 there was filed in the county clerk's office a lis pendens notice showing a suit had been filed in the district court of Midland County, Texas, by J. M. Chandler, as plaintiff, against appellees herein, for trespass to try title on the lands in ques-

tion. D. A. Ross assigned the above described lease in its entirety to El Capitan Oil Company by two assignments, one dated June 20, 1952, and the other dated July 13, 1953. There was excepted and reserved to the grantor, however, a $\frac{1}{48}$th interest in the oil and gas and other minerals as an overriding royalty interest. On December 21, 1953, there was filed a division of interest agreement, executed by Daryl Davis and D. A. Ross, under which a $\frac{1}{48}$th overriding royalty interest was divided equally between them. Appellee J. O. Brown, by mineral deeds dated February 4, 1954 and May 10, 1954, conveyed an undivided one-sixth mineral interest to Daryl Davis, subject however, to the above oil and gas lease. There were numerous conveyances subsequently. However, we do not believe it necessary to set them out here.

On April 26, 1955, appellant filed his First Amended Original Petition in which, in addition to alleging formal trespass to try title, he specially plead his title. He alleged the record title to be in appellees, but that J. O. Brown had received his deed to the mineral interest in question from C. M. Pynes in March, 1930, in trust for the appellant, J. M. Chandler, and thereafter, in the same year, 1930, J. O. Brown satisfied said trust by executing and delivering to appellant a deed to said minerals, but that said deed had been lost or destroyed. On this amended original petition, appellant caused citation to be issued. There had been no citation issued on the original petition filed December 14, 1951. Appellees answered in due time on pleas of not guilty, general denial, limitations, laches, and stale demand. Appellees Davis and Ross also plead that they were innocent purchasers for value, insofar as the oil and gas lease was concerned. Appellees filed their motions for summary judgment, which were set for hearing February 3, 1956. On February 3rd, appellant J. M. Chandler filed his motion for continuance, setting out, in effect, that he had one witness by the name of a Mrs. Smith, who lived somewhere in Shreveport, Louisiana, who saw the al-

leged deed from J. O. Brown to J. M. Chandler in 1935 or 1936, and that he needed time to get an affidavit from her. He further said that he had not had time to work out the values of oil and gas leases in the area of the land in question as of April 1951, and that he would like more time for such investigation so he could present proof on the question of what the values of oil and gas leases were in that area at the time appellee Daryl Davis bought the lease from J. O. Brown. Appellant's motion for continuance was overruled and, on the hearing, judgment was entered for appellees and any purchasers pendente lite, that appellant take nothing.

■■ Appellant's first point of error is that the court erred in overruling appellant's motion for continuance. Matters of continuance rest largely within the discretion of the trial court and, unless we find that it abused its discretion, we cannot set its ruling aside. We do not find any abuse of discretion in this case. It appears that this case had been on file at the time the motion was set for hearing for more than four years, and that the trial court had, in December, sent a notice to appellant that the case was set for trial January 23rd, or that same would be dismissed for lack of prosecution. On December 19th, appellee J. O. Brown filed a motion for summary judgment. On January 23rd, appellees Daryl Davis and D. A. Ross filed their motions for summary judgment. Said motions were set for hearing February 3, 1956, as provided by the rules. Appellees each had filed answers to appellant's amended petition, on which citation was issued in April 1955, soon after the filing of said amended petition, setting out their defenses to appellant's cause of action. Appellant admitted that he had been in Midland continuously from January 23rd to February 3rd, and no good reason was shown why he couldn't have obtained an affidavit, or affidavits, from people living in Midland County who were familiar with price of oil and gas leases in the area where this land was located in April 1951. The evidence sought to be shown by Mrs. Smith was not material to the questions on which the trial court decided the case. It appears, under all these facts and circumstances, and especially in view of the total lack of diligence shown by appellant in prosecuting his suit, that the court did not abuse its discretion in denying a continuance on the motions for summary judgment.

■ Appellant complains that he should have been allowed to go to the jury on the disputed question of whether or not he received a deed from J. O. Brown in satisfaction of a trust, even though said deed had been lost or destroyed. If this was the determining question in the case, the appellant would be right, because a written instrument is merely evidence of a right, and its loss does not destroy the right itself: Fielder Lumber Co. v. Smith, Tex.Civ.App., 151 S.W. 605 (error ref.) Neither does the loss of a deed destroy the title of those claiming under it: Shepard v. Heirs of Cummings, 44 Tex. 502. The question before the trial court, however, was not whether appellant had produced any evidence of a lost deed showing title in himself, but whether or not he was in position to establish that title in the face of the pleas of limitation, laches, stale demand and innocent purchase for value. Since the apparent legal title is shown to be in appellees, and appellant is shown not to be in possession of the claimed property, it appears that he cannot maintain his suit unless he can prove up the alleged lost deed. Courts of equity are fairly liberal in recognizing the right to make such proof. However, such right is subject to the four-year statute of limitation, Vernon's Ann.Civ.St. art. 5529, and to the defense of laches and stale demand. In 28 Texas Jurisprudence 392, the law is stated as follows:

"A suit to restore a lost instrument is an 'action' within the language of the statute of limitation and as no period of limitation is specially prescribed by statute, it is subject to the bar of the four years' limitation. A proceed-

ing of this character is also subject to the defense of laches." Also, see 19 American Jurisprudence, pages 339 and 340.

We believe that appellant has lost his right to prove up the alleged lost deed by reason of the four-year statute of limitation. We base this opinion upon appellant's own testimony. He stated that the last time he had seen the deed was during the year 1935 or 1936, and at which time the deed had not been recorded. He stated he had a fire in his office in Abilene in the year 1950; that all the files pertaining to the land in question were destroyed. He gave no other explanation for the loss of the deed. He knew that the deed had not been recorded. In December, 1951, when he found out that J. O. Brown had executed an oil and gas lease on the minerals in question, he immediately filed a formal trespass to try title action on December 14, 1951. He had lis pendens notice filed in the county clerk's office. He stated that he had no excuse for not having had citation issued in said cause; that he had been in the clerk's office, examined the file, and knew that citation had not been issued; that citation was not caused to be issued until April 1955, when he filed his first amended original petition setting up the lost deed. We hold that the statute of limitation began running in 1950, at the time of the destruction of appellant's files on this land, and that the filing of suit, December 14, 1951, without causing citation to be issued, and without offering any excuse why such citation was not issued before April, 1955, did not stop the statute of limitation from running. Appellant cannot excuse himself by saying that he did not discover the loss of the deed at the time of the fire, because it would have taken very little effort and diligence to have discovered such loss:

Texas Osage Cooperative Royalty Pool **v.** Colwell, Tex.Civ.App., 205 S.W.2d 93.

Even had limitations not run against appellant, he still would be barred from making proof of his lost deed, because of the rule of laches and stale demand, and because of his unexcused failure to diligently prosecute his suit after the filing thereof: Empire Gas & Fuel Co. v. Higgins Oil & Fuel Co., 5 Cir., 279 F. 977. After suit was filed in December 1951, appellant knew that oil activity in the area became very active. A producing offset well was drilled on this property in April 1953. In 1954, four producing oil wells were drilled on this very property, and still appellant sat still and did nothing. Appellant, being a lawyer who had tried numbers of cases of this nature, both as litigant and as attorney for clients, knew at the time he filed his original petition that the only way he could establish title was through a court of equity. He knew he did not have actual possession of the minerals and could not reduce them to possession except by producing them; and, knowing the shape his claimed title was in, it was his duty to proceed with diligence in prosecuting his suit to establish his title. Any unreasonable delay, unexcused, in the situation which we have presented here, is fatal to his right to establish the trust agreement, or his lost deed.

Daryl Davis and D. A. Ross showed that they were purchasers for value, without notice of any claim of Chandler. No evidence of any probative force was offered to the contrary. We therefore overrule appellant's points complaining that the court should have submitted such issues to the jury.

All appellant's points being overruled, the judgment of the trial court is affirmed.

McGILL, J., not participating.