J. M. CHANDLER, Appellant,

v.

J. (Jerome) O. BROWN et al., Appellees.
No. 17861.

United States Court of Appeals
Fifth Circuit.

Sept. 2, 1960.

Motion for Damages and Cost and Rehearing Denied Oct. 3, 1960.

J. M. Chandler, Fort Worth, Tex., for appellant.

F. H. Pannill, Midland, Tex., J. R. Black, Jr., Abilene, Tex., for appellees.

Before CAMERON, JONES and BROWN, Circuit Judges.

CAMERON, Circuit Judge.

The main question before us here is whether the district court erred in deciding that a judgment rendered by a State court of Texas was res judicata of the claim here sued on. The appellant files with his brief forty assignments of error, which he reduces to twelve questions. We think the case presented is a simple one and that the court below decided it correctly.

The original complaint, based upon diversity jurisdiction, was filed by appellant Chandler, as plaintiff, on April 22, 1955 against appellees J. O. Brown, Daryl Davis, D. A. Ross, B. A. Ross, El Capitan Oil Company and Lone Star Producing Company as defendants. The complaint set forth that, being the owner of a one-third interest in a large tract of land in Midland County, Texas, he conveyed all of his interest to C. M. Pynes by deed filed January 27, 1930, such conveyance being in trust for the said Chandler, the said Pynes agreeing to reconvey same to Chandler or anyone he might designate at any time he was requested to do so. It was further alleged that, in pursuance of said trust agreement, said Pynes conveyed the minerals under the property to appellee J. O. Brown "in trust for and to be held for plaintiff J. M. Chandler;" and that said Brown discharged said trust by reconveying to said Chandler the entire one-third undivided mineral interest; that the appellant had lost said conveyance, which was made to him in the first half of 1930, and had been unable to find same. It was further alleged that lis pendens notice was filed in the District Court of Midland County, Texas, December 14, 1951 in connection with the filing of a suit by Chandler in said court. In November, 1955, appellant filed his first amended complaint and on February 1, 1956, he filed his second amended complaint bringing in several additional parties who claimed under those initially sued.

In the meantime, before the filing of said amended pleadings the appellees Brown, Davis, Ross, El Capitan and Lone

Star filed their answers denying the allegations of appellant's complaint, and set up that said Brown had occupied the land peaceably and without interruption since its acquisition, and that appellant was barred from recovery by the statutes of limitations of the State of Texas and by laches. Appellee Brown filed a motion to dismiss and a motion for summary judgment charging that, on February 3, 1956, the District Court of Midland County, Texas had entered a judgment against appellant and in favor of said appellees adjudicating the issues sought to be presented by appellant Chandler's pleadings in the court below. A copy of that judgment was attached to one of these motions,[1] along with copy of Chandler's complaint in said State court action, and other relevant documents.[2]

1. The said judgment shows that it was approved by J. M. Chandler and his attorneys, but we assume that the approval was only as to form.

2. Copy of said judgment follows:
    "On this 3rd day of February, 1956, came on to be heard in the above styled and numbered cause the motions for summary judgment filed herein by defendants, and came plaintiff in person and by attorney and presented his application for continuance and postponement of the hearing on motions for summary judgment, and the Court having considered such motion and the affidavit attached thereto and having heard the evidence offered by defendants in opposition thereto, including the motions for summary judgment and affidavits and exhibits in support thereof, and the affidavits and exhibits filed by plaintiff in opposition to and controvering [sic] said motions for summary judgment, and it appearing to the Court that no good ground for continuance or postponement has been presented and that such application for continuance or postponement should be overruled, the same was, and is hereby overruled, to which ruling, order and action of the Court plaintiff, J. M. Chandler, excepted;
    "And, thereupon, came the defendants, J. (Jerome) O. Brown, Daryl Davis and D. A. Ross, and presented to the Court their motions for summary judgment, together with the affidavits attached thereto and the exhibits attached thereto and referred to therein, and it appearing to the Court that such motions have been duly filed and served upon the plaintiff, J. M. Chandler, in the manner and for the length of time required by law, and that the plaintiff, J. M. Chandler, has had due notice of this hearing and that this is the regular and correct time and place for hearing said motions, and the Court having considered the motions for summary judgment, the affidavits attached thereto and the exhibits attached thereto and referred to therein, including the depositions on file among the papers of this cause, and having considered the affidavits in opposition to and controvering [sic] such motions for summary judgment, and it appearing to the Court that this is a proper case for the granting of summary relief, and that there are no material issues of fact to be determined upon a trial of this cause, and the Court having considered the motions, the evidence and heard arguments of counsel, and it appearing to the Court that the law is with the defendants, and that such motions for summary judgment should be granted and sustained;
    "It Is, Therefore, Ordered, Adjudged and Decreed that the motions for summary judgment filed herein by J. (Jerome) O. Brown, Daryl Davis and D. A. Ross be, and they are in all things granted and sustained.
    "It Is Further Ordered, Adjudged and Decreed that plaintiff, J. M. Chandler, take nothing as against the defendants J. (Jerome) O. Brown, Daryl Davis, D. A. Ross and any purchasers pendente lite from such persons who may be bound by this decree on plaintiff's action in trespass to try title.
    "It Is Further Ordered, Adjudged and Decreed that plaintiff, J. M. Chandler, take nothing against said defendants J. (Jerome) O. Brown, Daryl Davis, D. A. Ross and any purchasers pendente lite from such persons who may be bound by this decree on his action to establish a trust and establish the contents of a lost deed, and that such cause of action and all relief sought therein be, and the same is hereby, denied.
    "It Is Further Ordered, Adjudged and Decreed that any relief requested by any party and not herein expressly granted be, and the same is hereby, denied, and that plaintiff pay all costs in this behalf expended, for which let execution issue.
    "To which action of the Court plaintiff, J. M. Chandler in open Court excepted and gave notice of appeal to the Court of Civil Appeals for the Eighth Supreme Judicial District at El Paso, Texas.
    (S) Perry D. Pickett,
    Judge."

■ We think that the court below correctly treated this action as being before it upon motions for summary judgment as to all of the appellees, all of them including in their motions matters outside the pleadings.[3] All of the parties proceeded in the presentation of the case to the court below upon the assumption that the matter was being heard upon motions for summary judgment.

It was undisputed that appellant Chandler appealed from the judgment of the Midland County District Court to the Texas Court of Civil Appeals, which affirmed the action of the trial court,[4] and that a writ of error to the Supreme Court of Texas was dismissed or refused by it,[5] and that the Supreme Court of the United States denied certiorari 356 U.S. 930, 78 S.Ct. 773, 2 L.Ed.2d 761.

The statement of facts by the Court of Civil Appeals of Texas shows beyond doubt that all questions of law and fact presented to the court below had been decided against appellant by the Texas Courts in that proceeding.[6]

3. 12(b) F.R.Civ.P. 28 U.S.C.A.:
   "* * * If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, * * *."
   And see the following cases from this Circuit: Herron v. Herron, 1958, 255 F. 2d 589; Dinwiddie v. Brown (Roark v. West), 1956, 230 F.2d 465, certiorari denied 351 U.S. 971, 76 S.Ct. 1041, 100 L.Ed. 1490, rehearing denied 352 U.S. 861, 77 S.Ct. 29, 1 L.Ed.2d 72; Slagle v. United States, 1956, 228 F.2d 673; Chappell v. Goltsman, 1950, 186 F.2d 215.

4. Chandler v. Brown, Tex.Civ.App.1957, 301 S.W.2d 720.

5. Shepard's Texas Citations, Vol. LIII, No. 3, p. 238.

6. 301 S.W.2d at pages 721–722:
   "The record title to the property in question is as follows: The common source of title to such property is shown to be in the appellant, J. M. Chandler. He conveyed the property to C. M. Pynes by deed recorded in 1929. C. M. Pynes conveyed to J. O. Brown by deed recorded in 1930. J. O. Brown executed an oil and gas lease on the undivided one-third mineral interest in question to appellee Daryl Davis, dated April 27, 1951. Daryl Davis assigned said lease to D. A. Ross May 2, 1951. On December 14, 1951 there was filed in the county clerk's office a lis pendens notice showing a suit had been filed in the district court of Midland County, Texas, by J. M. Chandler, as plaintiff, against appellees herein for trespass to try title on the lands in question. D. A. Ross assigned the above described lease in its entirety to El Capitan Oil Company by two assignments, one dat-

ed June 20, 1952, and the other dated July 13, 1953. There was excepted and reserved to the grantor, however, a $\frac{1}{48}$th interest in the oil and gas and other minerals as an overriding royalty interest. On December 21, 1953, there was filed a division of interest agreement, executed by Daryl Davis and D. A. Ross, under which a $\frac{1}{48}$th overriding royalty interest was divided equally between them. Appellee J. O. Brown, by mineral deeds dated February 4, 1954 and May 10, 1954, conveyed an undivided one-sixth mineral interest to Daryl Davis, subject however, to the above oil and gas lease. There were numerous conveyances subsequently. However, we do not believe it necessary to set them out here.
   "On April 26, 1955, appellant filed his First Amended Original Petition in which, in addition to alleging formal trespass to try title, he specially plead his title. He alleged the record title to be in appellees, but that J. O. Brown had received his deed to the mineral interest in question from C. M. Pynes in March, 1930, in trust for the appellant, J. M. Chandler, and thereafter, in the same year, 1930, J. O. Brown satisfied said trust by executing and delivering to appellant a deed to said minerals, but that said deed had been lost or destroyed. On this amended original petition, appellant caused citation to be issued. There had been no citation issued on the original petition filed December 14, 1951. Appellees answered in due time on pleas of not guilty, general denial, limitations, laches, and stale demand. Appellees Davis and Ross also plead that they were innocent purchasers for value, insofar as the oil and gas lease was concerned. Appellees filed their motions for summary judgment, which were set for hearing February 3, 1956. On February 3rd, appellant J. M. Chandler filed his motion for continuance, setting out, in effect, that he had one witness by the name of a Mrs. Smith, who lived some-

There being no issue as to what transpired in the Texas trial court, and the appellate courts of Texas having affirmed what was done by the trial court and having rendered judgment prior to the one here appealed from, the state court proceedings are res judicata of all of the questions raised by appellant here. A good statement of the rule is set forth in Commissioner of Internal Revenue v. Sunnen, 1948, 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898:

> "The general rule of *res judicata* applies to repetitious suits involving the same cause of action. It rests upon considerations of economy of judicial time and public policy favoring the establishment of certainty in legal relations. The rule provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound 'not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.' Cromwell v. County of Sac, 94 U.S. 351, 352 [24 L.Ed. 195]. The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment * * *."[7]

Appellant insists that he has never had a hearing on the merits of his case. The record shows that each court he has entered has dealt with him generously. The Court of Civil Appeals of Texas[8] held that, under the undisputed facts, based upon the affidavits and depositions before it particularly the deposition of appellant, the State Court suit was barred by the Texas Statute of Limitations and also by laches. We are bound by the holding of the courts of Texas as to Texas real property law and as to limitations. A careful examination of the record in the case as made in the Texas courts shows that the judgment therein rendered and affirmed was amply supported.

This Court has been called upon to deal with contentions that State court judgments should not bar actions in the federal court and, in a case much more favorable on its facts to the losers than this case is to the appellant here, we held the federal action barred by the State court proceeding, Hudson et al. v. Lewis et al., 1951, 188 F.2d 679; and cf. Hudson v. Gulf Refining Co., 1947, 202 Miss. 331, 30 So.2d 66, 421; and Niehaus et al. v. Magnolia Textiles, Inc., 5 Cir., 1949, 175 F.2d 977.

Finding the large number of questions argued by appellant devoid of merit and being of the opinion that the court below was correct in applying to the facts in this record the principles of law upon which its judgment was based, said judgment is

Affirmed.

---

where in Shreveport, Louisiana, who saw the alleged deed from J. O. Brown to J. M. Chandler in 1935 or 1936, and that he needed time to get an affidavit from her. He further said that he had not had time to work out the values of oil and gas leases in the area of the land in question as of April 1951, and that he would like more time for such investigation so he could present proof on the question of what the values of oil and gas leases were in that area at the time appellee Daryl Davis bought the lease from J. O. Brown. Appellant's motion for continuance was overruled and, on the hearing, judgment was entered for appellees and any purchasers pendente lite, that appellant take nothing."

7. To the same effect see: Southern Pacific R. Co. v. United States, 1897, 168 U.S. 1, 18 S.Ct. 18, 42 L.Ed. 355; Grubb v. Public Utilities Comm., 1930, 281 U.S. 470, 50 S.Ct. 374, 74 L.Ed. 972; Tait v. Western Maryland R. Co., 1933, 289 U.S. 620, 53 S.Ct. 706, 77 L.Ed. 1405; Fishgold v. Sullivan Drydock & Repair Corp., 1946, 328 U.S. 275, 66 S.Ct. 1105, 90 L.Ed. 1230; United States v. Munsingwear, Inc., 1950, 340 U.S. 36, 71 S. Ct. 104, 95 L.Ed. 36.

8. 301 S.W.2d 722 et seq.