O'NEAL v. TISDALE, ADM'R.

Where a person is offered to be made a party plaintiff in the place of the original party, who had died, or who had brought the suit in a fiduciary capacity and resigned the trust, objection to the new party may be made orally.

An order of the Probate Court that a person be " and is hereby appointed administrator of the estate of the deceased, and that letters issue to him accordingly by his giving bond in the sum of fourteen thousand dollars," is not sufficient evidence of his being administrator, to entitle him to be made a party to a suit as such, without proof of his having given the bond and security.

Error from Harrison.

*C. M. Adams*, for defendant in error. There was no error in permitting the withdrawal of announcement for trial, and the suggestion of the death of the original petitioner, and making the administrator *de bonis non* a party. If the defendant was really surprised by such suggestions and wished to controvert the capacity of the petitioner to prosecute the suit, he might have asked for a continuance and leave to amend, denying by proper plea the right of the party to appear on the record. He chose, however, to go to the jury with only the general issue.

There was no error in permitting the petitioner to read the record of the County Court, showing the appointment of the plaintiff as administrator *de bonis non*. This proof was not necessary. The right of the petitioner to sue was not denied, it can only be brought into question by plea in abatement under oath. (1 Tex. R., The Governor v. Aulanier; Coles v. Perry, 7 Id. 171.)

LIPSCOMB, J. This suit was brought by Tabitha Woodley, as adm'x of William Woodley, against the plaintiff in error, on a note executed by the plaintiff in error and payable to her as

O'Neal v. Tisdale.

administratrix. Whilst the suit was pending, the plaintiff died, and her death was suggested, and on the production of the Record Book of the Probate Court and reading therefrom the following order, i. e. : "Whereas Wingate H. Woodley "having filed his application in Court to resign his trust as "administrator *de bonis non*, and whereas at this Term of the "Court an order was entered discharging him from such ad- "ministration, and whereas Thomas H. Tisdale filed his ap- "plication for letters of administration *de bonis non* upon said "estate, and notice of the same having been given as required "by law, and no objection being filed, it is ordered by the Court "that the said Thomas H. Tisdale be and he is hereby ap- "pointed administrator of the estate of William Woodley, de- "ceased, and that letters issue to him accordingly, by his "giving bond and security in the sum of fourteen thousand "dollars," Thomas H. Tisdale was made a party to the suit. The defendant objected to his being made a party, on this evidence ; but his objection was overruled, and the suit was immediately put to the jury, and verdict and judgment for the plaintiff. The overruling the defendant's objection to the party being so made is assigned for error. We believe that it is a well settled rule, that all objections to the disability of a party plaintiff in bringing a suit, must be plead in abatement, but we believe that there is a distinction when a party is offered to be made a party plaintiff in the place of the original party who had died, or who had brought the suit in a fiduciary ca- pacity and had resigned the trust. In such cases it would seem that an oral objection is the proper mode to except to the new party. A plea in abatement would not be proper; be- cause, there being no disability to the party who brought the suit, the action could not be abated. If the objection is sus- tained, to the right of the party offering to be substituted, the action would not abate ; it would stand until there could a party, possessing the legal capacity, be made. If an objec- tion is made to the legal capacity of the person offering to be made a party, it should be shown that he possessed the legal

qualification ; and in this case it should have been shown that he was the administrator *de bonis non*. The evidence did not establish this fact. The order of the Probate Court, making the appointment, was coupled with a condition that had to be complied with, before he could be the legal administrator ; and the condition was, that he should give bond and security as required by law. That he had done so was not proven. The production of letters of administration would have been the most convenient evidence of the legal capacity of the party applying to be made a party ; but, in the absence of such letters, it would have been competent for him to have made other proof that he had given the bond and security required by the order of the Probate Court, and by the law.

We believe that the objection to the party being made plaintiff in the Court below, ought to have been sustained; and for this error the judgment is reversed, and the cause is remanded.

Reversed and remanded.