**REED et al. v. HARLAN et al.**

No. 1851.

Court of Civil Appeals of Texas. Waco.

Feb. 11, 1937.

Rehearing Denied March 18, 1937.

Cecil R. Glass, of Marlin, for appellants.

Bartlett, Carter & Rice, of Marlin, and J. W. Spivey, of Waco, for appellees.

GALLAGHER, Chief Justice.

The issues presented for determination on this appeal are few, but the situation out of which such issues arose is rather complicated. W. E. Kyser, a resident of Falls county, died on May 3, 1933. E. E. Kyser, his son, on May 17, 1933, filed an application in the county court to be appointed temporary administrator, and, after due notice had been given, permanent administrator. The county judge entered an order thereon appointing the applicant temporary administrator, with authority to settle and adjust certain insurance matters concerning the estate and to care for and, if necessary, sell certain livestock. The bond of the temporary administrator was fixed at the sum of $10,000, which he gave. The condition of such bond and the terms of the oath taken by him were in accord with the requirements of the statutes in such cases. Citation on said application was duly issued and posted, and thereafter, on June 6, 1933, the court ordered that said temporary administration be made permanent. No reference was made in said order to either bond or oath. Without further qualification, said temporary administrator proceeded to function as permanent administrator without question until April 3, 1935. No action under the special powers granted in his appointment as temporary administrator was shown. Thereafter, on August 17, 1933, the court entered an order reciting that letters of administration had previously been granted, appointing appraisers and directing return of inventory, appraisement, and list of claims. Said administrator, on August 25, 1933, returned his inventory and appraisement and the same was received and approved by the court. Such inventory showed a number of tracts of land, undivided interests in other tracts, and certain mineral leases, all of which were listed and valued separately. The appraised value of said real estate amounted in the aggregate to $45,706, and in addition thereto, a life insurance policy of the value of $9,371 was listed. Said inventory recited that the real estate therein listed and valued was encumbered for the principal amount of $34,245.65. An exhibit filed herein by said administrator shows that, after the entry of said order making his appointment permanent, he collected life insurance and other claims due the estate in the sum of $12,664.77; that one life insurance claim was, under order of the court, compromised for 50 per cent. of the face value thereof; that he sold various tracts of land; that said sales were approved by the court and proper conveyances made to the several purchasers; that various claims against said state, amounting in the aggregate to more than $36,000, were presented to him, allowed and filed in said court, and that he performed divers and sundry other acts as such purported administrator. A personal claim filed by said administrator against the estate was challenged on the ground that it had not been filed in the county court within the time prescribed by law, and was therefore barred. None of the acts of said administrator are assailed herein as being lacking in intrinsic fairness nor is the regularity of any of the same questioned except on the ground that he had not given the bond and taken the oath prescribed by law for the qualification of permanent administrators.

Thomas D. Harlan, one of the appellees herein, who had a claim against said estate duly presented, allowed, filed, and approved within a year after the order of court appointing said E. E. Kyser permanent administrator herein, on April 3, 1935, filed in said administration a protest against the approval of certain other claims amounting to approximately $22,000, on the ground that, notwithstanding such claims had been duly approved by the purported administrator within one year after his appointment, the same had not been filed in the cause in the county court until after a full year had elapsed. He asked the court to disapprove said claims, or, in the alternative, to assign them all to the fifth class

and to expressly provide that none of them should be paid until after his claim was paid in full. He also asked that the administrator be required to return an exhibit showing the condition of the estate. The exhibit hereinabove referred to was filed in pursuance of said demand. Appellee H. W. Carver, who also held a claim against the estate presented, allowed, and filed in court within one year after the order of appointment, intervened in the proceeding in the county court, adopted the pleadings of appellee Harlan, and asked the same relief.

Appellants, Mrs. Emma Reed, C. A. McCoy, trustee of the Marlin-Citizens National Bank, Marlin, Tex., Robert D. Peterson, trustee for Falls county and state of Texas, Marlin Lumber Company, a corporation, Mrs. W. P. Dashiell, and the Citizens National Bank of Marlin, Tex., all of whom held claims against said estate duly presented and allowed but not filed in the county court within one year from the order appointing said permanent administrator, on April 15, 1935, filed in said proceeding in the county court an answer to the protest filed by appellee Harlan. While said appellants constituted only a part of the creditors holding claims against said estate which had not been filed within the year as aforesaid, their respective claims amounted in the aggregate to approximately $20,000. Appellants, in said answer, assailed the validity of the permanent administration and all the acts performed by the purported administrator in the course thereof, on the ground that he had not given the bond and taken the oath required of permanent administrators by the statutes. They alleged that his appointment as permanent administrator and all the acts performed by him as such were absolutely void, or, in the alternative, voidable, and that the same, and all the same, should be set aside and held for naught. No one except said administrator was made a party to this pleading and no process of any kind was issued thereon. None of the other parties interested in said estate appeared at said hearing except the administrator and appellees Harlan and Carver. The county judge, at the conclusion of such hearing, on July 31, 1935, entered two separate orders, in one of which he specifically held and adjudged that said E. E. Kyser was then and had been continuously since the 6th day of June, 1933, the duly and legally appointed, qualified and acting permanent administrator of the estate of W. E. Kyser, deceased, and that he had given the bond and taken the oath required by law.

We deem it proper to state in this connection that it was conceded that the only bond given and the only oath taken by said E. E. Kyser were the bond and oath given and taken by him as temporary administrator. The county judge, in the other order, disallowed the personal claim of the administrator hereinbefore referred to, and held that each of the claims assailed by appellee Harlan be assigned to the fifth class and payment thereof postponed until after the claims of appellees Harlan and Carver and all other creditors filed within the first year of such administration had been paid in full.

Appellants prosecuted an appeal from said orders to the district court. A hearing was had therein on November 1, 1935, and judgment entered declaring that it was not necessary to the validity of the order appointing said permanent administrator nor to the validity of his acts thereafter as such that the county judge, in said order, should have required another bond and oath, or either, nor that he should have given another bond or oath, or either; that his appointment was not a nullity and his subsequent acts in such capacity neither void nor nullities, and that he should be deemed and held to have been and had in fact been the duly appointed permanent administrator of said estate since June 6, 1933. The remainder of said judgment was, so far as the issues involved in this appeal are concerned, substantially the same as the judgment of the county court from which the appeal was prosecuted. The administrator has not appealed from the order of the court disallowing his personal claim. Mrs. Reed and the other appellants hereinbefore recited present said judgment to this court for review.

### Opinion.

Appellants, by appropriate assignments and propositions, contend that the court erred in holding that E. E. Kyser was duly and legally appointed permanent administrator of said estate; that such appointment should not be revoked and, in effect, that it was not necessary to the validity of such appointment nor to the validity of the acts performed by him thereunder that he should have given the bond and taken the oath prescribed by law to be given and taken by permanent administrators; that none of the acts performed by him as permanent administrator were void, and that none of the same could be avoided in this proceeding. Appellees present counterpropositions thereto in which they insist, in effect, that

when a temporary administrator who has given bond and taken the oath as such in proper form is subsequently appointed permanent administrator, no further qualification by giving bond or taking oath as such is required or contemplated; that whether such bond and oath were required by law or not, the acts of the administrator in this case were not absolutely void and that the same could not be avoided in this proceeding.

Our statutes specifically require a temporary administrator to give a bond and take an oath as such. The substance of the oath required of him is that he will well and truly perform the duties of temporary administrator in accordance with law and with the order of the court appointing him. R. S. art. 3384. The powers and duties of a temporary administrator are limited to such as are specifically expressed in the order of appointment, and any acts performed by him as such that are not expressly so authorized are declared void. R.S. art. 3379. Said statutes further provide that the amount of the bond of a temporary administrator shall be in such sum as the county judge may direct and that the same shall recite that the principal therein has been duly appointed temporary administrator of the estate of the decedent and that he will well and truly perform all the duties required of him under such appointment. R. S. art. 3386 (as amended [Vernon's Ann. Civ.St. art. 3386]), and article 3387. The limited powers conferred and duties imposed upon the temporary administrator by the order of appointment in this case are insignificant compared to the powers exercised and duties performed by him as permanent administrator. Separate provision, however, is made for the taking of oath and giving of bond by a permanent administrator. The substance of the oath required is that the deceased, so far as the affiant knows or believes, died without leaving a lawful will, and that such affiant will well and truly perform all the duties of administrator of such estate. R.S. art. 3383. A permanent administrator is required to enter into bond, payable to the county judge in such penalty as he may direct, in an amount equal to double the estimated value of the personal property belonging to the estate, plus a reasonable amount to cover rents, revenues, and income derived from renting or use of such real estate. Such bond is further required to recite that the principal therein has been appointed administrator of the estate of the deceased, and

that he will well and truly perform all the duties required of him under such appointment. R.S. art. 3386 (as amended [Vernon's Ann.Civ.St. art. 3386]) and article 3387. Obviously, the obligations assumed by the principal and sureties in the bond of a permanent administrator may prove to be far more onerous than those assumed by the principal and sureties in the bond of a temporary administrator.

■ Appellees concede that the precise point at issue has not been decided by any of our appellate courts. They cite in support of their contention the case of Burton v. McGuire, by the Commission of Appeals, reported in 41 S.W.(2d) 238, 243, pars. 12 and 13, in which it is held that the appointment of a temporary guardian becomes permanent and the original bond as such remains in force when no contest is filed, although no order making the guardianship permanent be entered. They also cite the case of Massie v. De Shields, 62 S.W.(2d) 322, 323, pars. 1 and 2, in which a similar holding was made by the Court of Civil Appeals for the Fifth District and in which case writ of error was refused. They contend in this connection that the rules announced in the cases so cited are by analogy applicable to the question here under consideration and should control the decision thereof. An examination of the articles of our Revised Statutes (article 4102 et seq.) relating to temporary and permanent guardians discloses that such provisions differ materially from similar provisions of such statutes relating to temporary and permanent administrators. No specific provision is made with reference to the terms of either the oath to be taken or bond given by a temporary guardian, but the provisions of the title as a whole are made applicable. Article 4138. Temporary guardians are therefore required in qualifying to take the oath and give the bond prescribed in said title for permanent guardians. The substance of such oath is that the affiant will faithfully discharge the duties of guardian according to law. The penalty in such bond is required to be in an amount equal to double the estimated value of the personal property belonging to the estate of the ward, plus a reasonable amount to be fixed at the discretion of the county judge to cover rents, revenues, and income from the renting or use of real estate belonging thereto. The condition prescribed is that the guardian will faithfully discharge the duties of guardian of the estate of such ward according to law. Articles 4139 and

4141. We therefore conclude that the rule announced in the cases cited by appellees with reference to the qualification of guardians is not applicable in administrations, and that temporary administrators, on being made permanent administrators, are not exempt from taking the oath and giving the bond as such as required by the statutes hereinbefore cited.

The order of the court making the temporary administration in this case permanent did not either expressly or by implication require said Kyser to take the oath or give the bond prescribed by law for the qualification of permanent administrators. He proceeded to function as such for nearly two years before any issue as to his qualification was raised. The acts performed by him as such were varied and affected the rights of numerous people. The specific purpose of appellants in questioning his qualification and right to act as such was to avoid the result of their failure to file their respective claims in the county court for approval within one year after the granting of the permanent administration and to defeat the statutory preference given to appellees and others who had done so in the payment of their respective claims. The jurisdiction of the county court over the decedent's estate is not questioned. Its orders and judgments made in the course of an administration thereon are therefore not absolutely void and can be set aside after the expiration of the term only on a direct attack wherein allegations of fraud, accident, or mistake are contained. 13 Tex. Jur. p. 635, § 50; Heavey v. Castles (Tex. Civ.App.) 12 S.W.(2d) 615, par. 6 (writ refused), and authorities there cited. The general rule is that the failure of an administrator to give bond or take the prescribed oath does not render his appointment void or subject to collateral attack, but merely renders it voidable, so that his acts are valid as long as the letters remain in force. 23 C.J. p. 1077, § 212; 11 R.C.L. p. 57, § 52; Moody v. Butler, 63 Tex. 210, par. 2; Caddell v. Lufkin Land & Lumber Co. (Tex. Com.App.) 255 S.W. 397, 400, pars. 4 and 5; Wyman v. Campbell, 6 Port. (Ala.) 219, 31 Am.Dec. 677; Ex parte Maxwell, 37 Ala. 362, 79 Am.Dec. 62. This case is distinguishable from O'Neal v. Tisdale, 12 Tex. 40, 42, on the ground that the order of appointment in that case was coupled with a condition that oath should be taken and bond given. It is also distinguishable from the case of Barfield v. Miller (Tex.Civ.

App.) 70 S.W.(2d) 632, on similar grounds, and also on the ground that the lack of qualification on the part of the temporary administratrix was raised by her in the county court in opposing an application for an order directing her to sell certain property belonging to the estate to pay a secured debt, and an appeal was promptly prosecuted from the judgment of the court ordering such sale.

Appellants insist that they have made in this case a direct attack on the validity of all the acts of the administrator herein and of the judgments and orders of the court recognizing, approving, or confirming the same. On a direct attack, all persons whose interest is such that they would be directly and materially affected by it are necessary parties. Dallas County Bois D'Arc Island Levee Dist. v. Glenn (Tex.Com.App.) 288 S.W. 165, par. 3; Pure Oil Co. v. Reece, 124 Tex. 476, 78 S.W.(2d) 932, 933 et seq., pars. 1, 2, and 3; Rodden v. Smith (Tex.Civ.App.) 95 S.W. (2d) 997; Smith v. Perkins, 81 Tex. 152, 157, 16 S.W. 805, 26 Am.St.Rep. 794; Crawford v. McDonald, 88 Tex. 626, 33 S.W. 325; Hannon v. Henson (Tex.Com.App.) 15 S.W.(2d) 579, pars. 8, 9, and 13. Considering appellants' pleading filed in this case as a bill of review seeking to set aside all the acts of the administrator and the orders of the court recognizing, approving, or confirming the same, we find that none of the parties interested in maintaining and preserving the validity of such orders are made parties thereto. Only appellees appeared and participated either in the hearing in the county court or at the trial of the case on appeal. Said pleading must therefore be considered merely a collateral attack on such orders. Rodden v. Smith, supra. See, also, 25 Tex.Jur. p. 754, § 285; Hannon v. Henson, supra. Such being the character of appellants' attack on the validity of the appointment of said administrator and the orders and judgments of the court in the course of such administration, the court properly refused to declare the same null and void or to set the same aside.

The judgment of the trial court is affirmed, but, to avoid any possible misconstruction, such affirmance is without prejudice to the right of any party interested in said estate to file a proper motion to have said administrator cited to show cause why he should not give the bond and take the oath required by law of permanent administrators.