**Elder JONES et al., Appellants,**

**v.**

**Riley HARVEY, Appellee.**

No. 7561.

Court of Civil Appeals of Texas.

Texarkana.

June 23, 1964.

T. D. Wells, Paris, Pat C. Beadle, Clarksville, for appellants.

B. F. Edwards, Clarksville, for appellee.

DAVIS, Justice.

Plaintiff-appellant, Elnora Bly, a person of unsound mind, acting by and through her guardian, Devalia Lewis, sued defendant-appellee, Riley Harvey, and defendant-appellant, Elder Jones, in trespass to try title to 74.7 acres of land situated in Red River County, Texas, and in the alternative, by Bill of Review seeking to set aside a judgment theretofore rendered in a case styled "Elnora Bly, Plaintiff, vs. Roy Jones, Defendant". Appellant, Elder Jones, filed an answer to the petition and a cross-action to the suit. The appellee filed special exceptions to the petition of the plaintiff Elnora

Bly, by her guardian, as well as special exceptions to the Cross-Action of the defendant, Elder Jones. A preliminary hearing was had and two separate judgments were entered sustaining the special exceptions. The first judgment—omitting caption and signature—reads as follows:

"BE IT REMEMBERED that on this the 5th day of September, 1963, came all the parties by their attorneys, and then came on to be heard the defendant Riley Harvey's exceptions to the defendant Elder Jones' answer and cross-action filed in this cause on the 3rd day of June, 1963; and the argument of counsel therein being heard, it is the opinion of the Court that the law is with the said defendant, Riley W. Harvey.

"IT IS THEREFORE CONSIDERED, ORDERED and ADJUDGED by the Court that the defendant, Riley W. Harvey, go hence without day and that he recover of and from the said defendant Elder Jones, his costs in this behalf expended, for which he may have his execution.

"To which action of the Court the defendant Elder Jones in open court excepted and gave notice of appeal to the Court of Civil Appeals for the Sixth Supreme Judicial District of Texas at Texarkana, Texas."

The second Judgment—omitting caption and signature—reads as follows:

"BE IT REMEMBERED that on this the 5th day of September, 1963, came all the parties by their attorneys, and then came on to be heard the defendant Riley Harvey's exceptions to the plaintiff's First Amended Original Petition, both in the main and in the alternative, filed in this cause on the 11th day of June, 1963, and the argument of counsel thereon being heard, it is the opinion of this Court that the law is with the said defendant, Riley Harvey.

"IT IS THEREFORE CONSIDERED BY THE COURT that the defendant, Riley Harvey, go hence without day, and that he recover of the plaintiff Elnora Bly, his costs in this behalf expended, for which he may have his execution.

"To which action of the court the plaintiff in open court excepted and gave notice of appeal to the Court of Civil Appeals for the Sixth Supreme Judicial District of Texas at Texarkana, Texas."

No evidence was offered in the trial court. The appellants excepted and have perfected their appeals.

Appellant Elnora Bly brings forward four points of error wherein she complains of the action of the trial court in sustaining the special exceptions and rendering judgment in favor of appellee, Riley Harvey. Her suit is based upon two causes of action: Trespass to try title; and, a Bill of Review.

Appellant, Elder Jones, brings forward three points of error in which he complains of the action of the trial court in sustaining the special exceptions and rendering judgment in favor of the appellee, Riley Harvey.

■■■ A special exception is a dilatory plea. The special exceptions are determined from the allegations of the petition which they challenge. It neither avers nor denies any fact proposition. It is not strictly a plea, but rather an excuse for not pleading. 2 McDonald Texas Civil Practice 615, Sec. 7.04, and authorities therein cited. If it was the intention of the trial court to sustain the special exceptions he should have done so and given the other side a chance to amend the pleadings. According to Rule 91, Vernon's Ann.Tex.Rules Civil Procedure, special exceptions are to point out the particular pleading excepted to, and shall also point out intelligently and with particularity the defect, omission, obscurity, duplicity, generality or other insufficiency in the allegations in the pleadings excepted to.

In the case of Lone Star Gas Company vs. Murchison (Ct.Civ.App.), 353 S.W.2d 870, 94 A.L.R.2d 529, W.R.,N.R.E., the court held: "There are no disputed facts presented for determination. Since the Court below disposed of this case by sustaining special exceptions, the facts alleged by Lone Star in its pleadings must be taken as true." (citing authorities). Since there was no evidence offered in this case, we will have to consider the record as made by the pleadings.

■ It appears that appellant, Elnora Bly, had alleged two separate causes of action under which she could recover if the proof supports the allegations. The first one was in trespass to try Title, and the second one was by Bill of Review. The trial court erred in sustaining the special exceptions and rendering judgment in favor of the appellee, Riley Harvey. The points of error are sustained.

The appellant, cross-plaintiff, Elder Jones, in view of the pleadings of the appellant, Elnora Bly, alleged a cause of action by his cross-action, and the trial court was in error in sustaining the special exceptions to the cross-action and in rendering judgment in favor of the appellee, Riley Harvey. The points of error are sustained.

In the case of Wiseman, et al, v. Zorn, et al., 309 S.W.2d 253, N.W.H., the trial court entered a nunc pro tunc order correcting a previous order that would actually reflect the proceedings in the trial court. The appellee filed a motion to dismiss the appeal. The motion was overruled because the trial court was merely correcting a clerical error, or mistake, by adding to the judgment amending clauses necessary to give it effect. They held that a special exception was not something on which the trial court could render a judgment until the person against whom the special exceptions had been sustained had refused to replead. Citing Knox v. Long, 152 Tex. 291, 257 S.W.2d 289.

The judgment of the trial court is reversed and the cause is remanded.