**J. B. FARRIS et al., Appellants,**

v.

**NORTEX OIL & GAS CORPORATION, Appellee.**

**No. 7662.**

Court of Civil Appeals of Texas.

Texarkana.

Aug. 24, 1965.

Rehearing Denied Sept. 21, 1965.

Talbot Rain, Dwight L. Simmons, Jerry L. Buchmeyer, Thompson, Knight, Wright & Simmons, Dallas, for appellants.

Fritz Lyne, Erich F. Klein, Jr., Ed M. Brown, Lyne, Blanchette, Smith & Shelton, Dallas, for appellees.

FANNING, Justice.

This is an appeal from a summary judgment granted Nortex Oil & Gas Corporation, appellee herein, in a Bill of Review brought by appellants.

Ebro Oil Company, Inc., sold its properties to appellee in 1961 for $2,920,000. Thereafter Ebro ceased doing business, was dissolved and distributed remaining assets to its stockholders and Ebro has had no tangible assets since dissolution.

Nineteen months after said sale, Nortex sued Ebro in the 134th Judicial District Court of Dallas County, Texas, alleging misrepresentation by Ebro with respect to its properties sold and the values thereof, seeking damages of $5,065,582., and also sought to retain the properties purchased from Ebro. Ebro denied the allegations and alleged defenses. In a jury trial, the verdict of the jury on special issues was favorable to Ebro and was against Nortex. Nortex's motion for judgment n. o. v. was overruled and the trial court entered judgment for Ebro that Nortex take nothing. On Jan. 3, 1964, the trial court granted Nortex's motion for new trial.

It was further alleged in the Bill of Review to the effect as follows: that thereafter Nortex and Cunningham, a former officer and director of Ebro, made an agreement for disposing of the case by allowing the entry of a judgment for Nortex against Ebro for $3,903,000.; that on the afternoon of the day that Ebro's attorney notified Nortex's attorney, by telegram from Longview to Dallas, of the acceptance by Cunningham of the settlement agreement, that Nortex's attorney appeared ex parte before the trial court and presented a stipulation and a form of judgment which had some time prior to that date been signed and delivered to Nortex's attorneys by Ebro's attorney; that said stipulation recited that the parties had agreed to submit the case to the trial court for decision upon the record of the original trial; that on that date, Feb. 28, 1964, the trial court entered judgment for Nortex against Ebro for $3,903,000.; that on April 24, 1964, Nortex sued many of the former stockholders of Ebro, including the appellants herein, (in the 68th Judicial District Court of Dallas County, Texas) seeking judgment against appellants and other former stockholders of Ebro based upon the Feb. 28, 1964 judgment in question. (Appellants in their brief state to the effect that the theory of appellee before the 68th District Court is that the judgment in its favor constitutes in effect an unpaid debt of Ebro at the time of its liquidation and dissolution and that because of the existence of such unpaid debt the stockholders of Ebro are liable to appellee as an unpaid creditor of Ebro.)

On August 24, 1964, appellants filed their Bill of Review in the 134th Judicial District Court of Dallas County, Texas, against Nortex seeking to vacate and set aside the said judgment of the 134th District Court of Feb. 28, 1964, in favor of Nortex and against Ebro, and to have Nortex's claim against Ebro set down for retrial on the merits.

In response to appellant's Bill of Review, Nortex filed its motion for summary judgment "based upon the pleadings of the parties on file herein". The record before the trial court consisted of the pleadings, interrogatories and answers, and requests for admissions and answers thereto.

The trial court granted Nortex's motion and entered a summary judgment in favor of Nortex against appellants. Appellants have appealed.

This being a summary judgment case it must be determined by Rule 166–A, T.R. C.P., and authoritative court decisions construing this rule. The recent case of Great American Reserve Insurance Company v. San Antonio Plumbing Supply, Company, Tex.Sup.Ct., 391 S.W.2d 41 (June 1965) clearly states the principles of law applicable to the determination of whether a summary judgment should be granted. We quote from the court's opinion in part as follows:

"This is a summary judgment case; and in answering the above question, we must follow certain rules laid down by this Court. Rule 166–A, Texas Rules of Civil Procedure, provides that summary judgment shall be rendered if it is shown that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The burden of proof is on the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. Tigner v. First Nat'l Bank, 153 Tex. 69, 264 S.W.2d 85 (1954); Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929 (1952). In other words, the evidence must be viewed in the light most favorable to the party opposing the motion. Valley Stockyards Co. v. Kinsel, 369 S.W.2d 19 (Tex.Sup.1963); Smith v. Bolin, 153 Tex. 486, 271 S.W.2d 93 (1954). If the motion involves the credibility of affiants or deponents, or the weight of the showings or a mere ground of inference, the motion should not be

granted. All conflicts in the evidence are disregarded, and the evidence which tends to support the position of the party opposing the motion is accepted as true. Cowden v. Bell, 157 Tex. 44, 300 S.W.2d 286 (1957); Smith v. Bolin, supra; Gulbenkian v. Penn, supra. Evidence which favors the movant's position is not considered unless it is uncontradicted. If such uncontradicted evidence is from an interested witness, it cannot be considered as doing more than raising an issue of fact, unless it is clear, direct and positive and there are no circumstances in evidence tending to discredit or impeach such testimony. Cochran v. Woolgrowers Central Storage Co., 140 Tex. 184, 166 S.W.2d 904 (1943). This exception is especially true where the opposite party has the means and opportunity of disproving the testimony, if it is not true, and fails to do so. Valley Stockyards Co. v. Kinsel, supra; James T. Taylor & Son, Inc. v. Arlington Ind. School Dist., 160 Tex. 617, 335 S.W.2d 371 (1960); Owen Dev. Co. v. Calvert, 157 Tex. 212, 302 S.W.2d 640 at 642 (1957); McGuire v. City of Dallas, 141 Tex. 170, 170 S.W.2d 722 (1943); Simonds v. Stanolind Oil & Gas Co., 134 Tex. 332 [114 S.W.2d 226], 136 S.W.2d 207 (1940). After all the evidence has been sifted in this manner, the Court must determine whether the movant is entitled to a judgment as a matter of law."

■ In order to set aside a prior judgment by a Bill of Review it is essential to show that there existed a meritorious defense to the cause of action; that the complainant was prevented from presenting that defense through extrinsic fraud, accident, or mistake wholly unmixed with any fault or negligence of his own, so that he was compelled to suffer the judgment by circumstances beyond his control; that he has not been guilty of a lack of diligence in failing to avail himself of any means to set the judgment aside, and that no other remedy is available. See American Spiritualist Ass'n v. City of Dallas, Tex.Civ. App., 366 S.W.2d 97, no writ (1963) and authorities cited therein.

The requirements for a Bill of Review in equity are also clearly stated in Alexander v. Hagedorn, 148 Tex. 565, 226 S.W. 2d 996, 998 (1950), which case also clearly states the distinction between "extrinsic" and "intrinsic" fraud.

Appellants in their brief with respect to the question of extrinsic fraud contend in part as follows:

"Extrinsic Fraud. The fraudulent plan as alleged was well conceived and designed as to cover up the true facts. The technique was to secure a judgment of the trial court which would not appear to be a judgment by agreement or in compromise settlement of the litigation. The record shows that Cunningham agreed to deliver to Nortex a judgment against Ebro for $3,903,000 in consideration of certain benefits to be paid by Nortex to Cunningham and the attorney of Ebro. There were no assets of Ebro from which the judgment could be satisfied, and the judgment against Ebro had no independent significance except as the necessary link to subsequent suits by Nortex against former stockholders of Ebro. The agreement made by Cunningham with Nortex as alleged in the Bill was invalid and void because:

1. Cunningham was not empowered by law or otherwise to act for and bind Ebro in such a matter.

2. The agreement was not authorized or approved by either the Board of Directors or the stockholders of Ebro.

3. The agreement was induced by the secret, fraudulent collusion and agreement of Nortex to pay Cunningham $14,000 in the form of credits upon other obligations of Cunningham.

4. The agreement was induced by the secret, fraudulent collusion and agreement of Nortex to release Cunningham personally from all liability as an officer and director of Ebro.

5. The agreement was induced by the secret, fraudulent collusion and agreement of Nortex to pay the attorney for Ebro in the suit $35,000 as attorney's fees.

6. The agreement was induced by the secret, fraudulent collusion and agreement of Nortex to permit a selected few of the former stockholders of Ebro, including Cunningham, a principal stockholder, to settle any stockholder liability which they might have, based upon the judgment against Ebro, for almost one-fifth of the amount to be required by Nortex in settlement with other stockholders of Ebro; and

7. The agreement was patently fraudulent and unfair and in disregard of the rights of the stockholders of Ebro, and void of any element of mutuality in that, whether or not a stockholder of Ebro should, upon subsequently learning of the offer of settlement, decide to accept the settlement offer of Nortex, Nortex would in any event, own and possess the final judgment of record against Ebro for $3,903,000.

\*    \*    \*    \*    \*    \*

"Nortex, knowing that it could not present to the trial court the true terms of settlement, and that any agreed judgment upon such terms would not be entered by the trial court, did not disclose to the court the true agreement. The court was told that the parties had agreed to submit the case to the court for its independent determination upon the record of the prior trial. In truth, there was no such agreement. The only agreement was the unauthorized and fraudulent agreement of Cunningham which was not submitted to or made known to the court and which would not have supported judgment for Nortex for the reasons indicated. This scheme was made possible by the submission to the court of the unauthorized stipulation signed by the attorney for Ebro. The judgment for Nortex procured in this manner would conceal the true circumstances and would permit Nortex to represent to the stockholders of Ebro, as it subsequently did, that the case had been tried, and that, upon the trial, the court had awarded a judgment to Nortex.

\*    \*    \*    \*    \*    \*

"The stipulation was unauthorized, false, and fraudulent as no such agreement as that recited therein had been made or authorized by Cunningham, the Board of Directors or shareholders of Ebro, all of which was well known to the attorneys, but which was done with the design and purpose of attempting to circumvent and dispense with the necessity for a valid authorization of Ebro for a settlement of the controversy in an effort to place the judgment beyond question, challenge, or attack. \*  \*  \*"

It is our view that under the record in this case a material issue of fact was raised as to whether Nortex practiced "extrinsic" fraud upon Ebro and its former stockholders as alleged by appellants. In this connection see the following authorities: Fox v. Robbins, Tex.Civ.App., 62 S.W. 815, writ refused (1901); Buchanan v. Bilger, 64 Tex. 589 (1889); Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d

996, 998 (1950); Kuper v. Kuper, Tex. Civ.App., 336 S.W.2d 819, er. dism.; United States v. Throckmorton, 98 U.S. 61, 25 L.Ed. 93.

It is our further view that under the record in this case a material issue of fact was raised as to whether there existed a meritorious defense to Nortex's suit against Ebro.

■ It is our further view that under the record in this case material fact issues were raised as to whether appellants were prevented from presenting a meritorious defense through extrinsic fraud wholly unmixed with any fault or negligence on their parts, so that they were compelled to suffer the judgment by circumstances beyond their control, that they had not been guilty of a lack of diligence in failing to avail themselves of any means to set the judgment aside, and that no other remedy was available. We think that under this record such questions were for a trier of the facts to determine. In this connection see the following authorities: Fox v. Robbins, Tex. Civ.App., 62 S.W. 815, writ refused (1901); Owens v. Cage & Crow, 101 Tex. 286, 106 S.W. 880 (1909); Kimmell v. Edwards, Tex.Civ.App., 193 S.W. 363, no writ (1917); Mauldin v. American Liberty Pipe Line Co., Tex.Civ.App., 185 S.W.2d 158, err. ref., w. o. m. (1944).

■ It is our further view that appellants as stockholders of Ebro, the dissolved corporation, were adversely affected by the entry of the judgment in question against Ebro and had sufficent standing to bring a Bill of Review to set aside such judgment under the allegations made in their petition. Fox v. Robbins, supra (62 S.W. 815).

Appellee contends that Ebro was a necessary party to appellants' Bill of Review and that since Ebro was not made a party the attack was therefore collateral. In Hunt v. Ramsey, 162 Tex. 133, 345 S.W. 2d 260 (1961) it is stated in part as follows:

"It is the general rule that where a proceeding is instituted to vacate and set aside a judgment, the parties to the judgment must be made parties to such proceeding; and unless this is done, the attack is a collateral one. Hartel v. Dishman, 1940, 135 Tex. 600, 145 S.W. 2d 865, at page 870; Griggs v. Montgomery, Tex.Civ.App., 1929, 22 S.W. 2d 688 (no writ), noted and criticized 9 Texas Law Rev. 103. The rule, differently stated, is that all parties whose interests are such that they would be, or might be, directly and materially affected are necessary parties; and if joined, that attack is direct—otherwise the attack is a collateral one. Pure Oil Co. v. Reece, 1935, 124 Tex. 476, 78 S.W.2d 932, at page 934; Reed v. Harlan, 1937, 103 S.W.2d 236, writ refused.

The reason for the general rule which is broadly stated in Hartel v. Dishman, supra, is given in the alternate statement of the rule: all parties whose interests are, or may be, directly and materially affected by a review or modification of the judgment, should be before the court. *This leads to an exception to the general rule: parties who will not, or cannot be, affected by the action need not be made parties.*

\* \* \* \* \* \*

We regard the majority of the Texas cases as placing the emphasis upon whether all persons who would be or could be affected by the result are before the court rather than upon all those who were parties to the proceeding attacked whether they have any present interest to be protected or not. The result of those cases, cited above, is both sound and just. *No reason appears for the necessity of joining those who have no interest in the result of*

*the attack merely because they were parties to the original suit. Our conclusion is that only those persons who have a real, present interest in the judgment attacked are necessary for the attack to be direct."* Emphasis added.

Appellants in their brief take the position that Ebro was not a necessary party to the Bill of Review but in the alternative that if Ebro was a necessary party that an amendment of the Bill of Review to bring in Ebro as a party was the proper remedy rather than the granting of a summary judgment.

■ Appellants' view that Ebro, the dissolved corporation, has no real, actual, present interest in the outcome of the Bill of Review attack upon the judgment in question and is not a necessary party may be correct, however if it be assumed, without deciding, that Ebro was a necessary party, then there is no showing in the record that appellants were given an opportunity to amend to bring in Ebro as a party and summary judgment should not have been granted for this reason without allowing appellants to amend and bring in Ebro as a party. See the following authorities: Wilson v. Mitchell, Tex.Civ.App., 299 S.W.2d 406, no writ (1957); Andrews v. Austin Motor Truck Co., Tex.Civ.App., 259 S.W. 2d 772, no writ (1953); Jones v. Harvey, Tex.Civ.App., 380 S.W.2d 924 (1964); Gehrke v. State, Tex.Civ.App., 363 S.W.2d 490, writ refused (1962); Harold v. Houston Yacht Club, Tex.Civ.App., 380 S.W.2d 184, no writ (1964).

After carefully considering the record it is our view that appellee was not entitled to summary judgment as a matter of law and that material issues of fact were raised for a trier of the facts to determine which precluded the granting of a summary judgment.

The judgment of the trial court is reversed and the cause is remanded for a new trial.

Reversed and remanded.