SEE AMENDED BRF
FILED ON 2/5/15

ACCEPTED
03-13-00768-CV
3986397
THIRD COURT OF APPEALS
AUSTIN, TEXAS
2/2/2015 2:35:35 PM
JEFFREY D. KYLE
CLERK

## No. 03-13-00768-CV

## IN THE COURT OF APPEALS

## FOR THE 3RD JUDICIAL DISTRICT OF TEXAS

## AT AUSTIN

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
2/2/2015 2:35:35 PM
JEFFREY D. KYLE
Clerk

**RITA MARY GAUSE,** *Appellant*

**V.**

**THOMAS X. GAUSE,** *Appellee*

**Appealed from
the 155th District Court of
Fayette County, Texas**

## BRIEF OF APPELLEE

**MOORMAN TATE HALEY
UPCHURCH & YATES, LLP**

**By:   STEVEN C. HALEY
State Bar No. 08741900
207 E. Main St./P.O. Box 1808
Brenham, Texas 77834-1808
Telephone:  (979) 836-5664
Telecopier:  (979) 830-0913
shaley@moormantate.com**

**Attorney for Appellee,
THOMAS X. GAUSE**

## APPELLEE REQUESTS ORAL ARGUMENT

{19268.44142-00360383.DOCX}

# TABLE OF CONTENTS

REFERENCES TO PARTIES.................................................................................2

REFERENCES TO RECORD.................................................................................2

STATEMENT OF THE CASE...............................................................................2

ISSUES PRESENTED............................................................................................2

STATEMENT OF FACTS.......................................................................................3

   1.   Original Acquisition of 105 Acre Tract...................................................3

   2.   Marriage of Leonard Jr......................................................................3

   3.   Conveyance by Leonard Sr. to Leonard Jr..........................................4

   4.   1985 Survivor's Trust.........................................................................4

   5.   Last Will and Testament of Leonard Jr...............................................5

   6.   Death of Leonard Jr............................................................................5

   7.   Rita and Brandon Continue to Reside on the Property.........................5

   8.   The Survivor's Trust Instrument Lost or Destroyed.............................6

   9.   Rita Deeds Property to Jeannette.......................................................6

  10.   Rita Files Suit to Cancel Deed to Jeannette and Enforce Survivor's Trust (Prior Proceeding)..................................................................6

  11.   Brandon Appointed as Executor.........................................................8

  12.   Sworn Testimony of the Terms of the Survivor's Trust by Rita and Brandon (Prior Proceeding)...............................................................8

  13.   Final Judgment Sustaining Survivor's Trust and Canceling Deed to Jeannette (Prior Proceeding)............................................................8

  14.   Rita and Brandon Ignore the Survivor's Trust....................................8

  15.   Rita Deeds Property to Brandon.........................................................9

  16.   Survivor's Trust Beneficiaries Learn of Deed to Brandon. .................9

  17.   Suit Filed to Establish Survivor's Trust Interest in Property...............9

  18.   Deposition Testimony of Rita. .........................................................10

  19.   Accounting Requested.......................................................................10

  20.   First Motion for Summary Judgment. ...............................................10

  21.   Letter by Judge Beck........................................................................10

{19268.44142-00360383.DOCX}

**22.** **Joint Motion for Declaratory Judgment.** ...................................................11

**23.** **Joint Motion for Summary Judgment.** ................................................11

**24.** **Order on Joint Motion for Partial Summary Judgment and Declaratory Judgment.** ..........................................................................11

**25.** **Agreed Motion to Sever.** ...........................................................................12

**26.** **Order Granting Agreed Motion to Sever Claims Into Final Judgment.** 12

**27.** **Appeal.** .......................................................................................................13

**ARGUMENTS AND AUTHORITIES** ......................................................................**13**

  **1.** **Missing Terms of Express Trust.** ..............................................................13

    **A.** **Lost Instrument.** ................................................................................13

    **B.** **Waiver of Point of Error.** .................................................................16

  **2.** **Genuine Issue of Material Fact.** ...............................................................16

    **A.** **Judicial Estoppel.** ..............................................................................16

    **B.** **Quasi Estoppel.** .................................................................................18

    **C.** **Sham Affidavit Cannot Create Fact Issue** ......................................19

  **3.** **Special Exception.** .....................................................................................20

    **A.** **Beck Letter Not Part of Court's Judgment.** ...................................20

    **B.** **Fact Findings Cannot Be Basis for Error in Summary Judgment Proceeding** ...................................................................................21

    **C.** **Inadequate Basis for Special Exception.** .........................................22

**SUMMARY OF THE ARGUMENT** ........................................................................**24**

**PRAYER** ....................................................................................................................**25**

**APPENDIX A** ............................................................................................................**27**

**APPENDIX B** ............................................................................................................**29**

**APPENDIX C** ............................................................................................................**32**

**APPENDIX D** ............................................................................................................**34**

**APPENDIX E** ............................................................................................................**39**

# TABLE OF AUTHORITIES

*Cases*

*A.A. Fielder Lumber Co. v. Smith*, 151 S.W. 605 (Tex. Civ. App. – Dallas 1912, writ ref'd)..................................................................14

*Atkinson Gas Co. v. Albrecht*, 878 S.W.2d 236 (Tex. App. – Corpus Christi 1994, pet. denied) ............................................... 18, 19

*Bank of America v. Haag*, 37 S.W.3d 55 (Tex. App. – San Antonio 2001, no pet.) ..............................................................................14

*Bradley v. Steiner,* 183 N.W. 897 (Mich. 1921)......................................15

*Brelsford v. Scheltz,* 564 S.W.2d 404 (Tex. Civ. App. – Houston [1st Dist.] 1978, writ ref'd n.r.e.) .......................................................13

*Brown v. Lanier Worldwide, Inc.*, 124 S.W.3d 883 (Tex. App. – Houston [14th Dist.] 2004, no pet.) .......................................... 17, 18

*Burkett v. Welborn*, 42 S.W.3d 282 (Tex. App. – Texarkana 2001, no pet.)..................................................................................20

*Chandler v. Brown*, 301 S.W.2d 720 (Tex. Civ. App. 1957, *writ ref'd n.r.e.*) ....................................................................................14

*Churchill v. Mayo,* 224 S.W.3d 340 (Tex. App. – Houston [1st Dist.] 2006, pet. denied) ............................................................16

*Crosby v. Davis*, 421 S.W.2d 138 (Tex. Civ. App. – Tyler 1967, no writ).........................................................................................14

*DeWoody v. Rippley*, 951 S.W.2d 935 (Tex. App. – Fort Worth 1997, pet. dism'd by agreement)...................................................18

*Eslon Thermoplastics v. Dynamic Systems,* 49 S.W.3d 891 (Tex. App. – Austin 2001, no pet.)................................................... 19, 20

*Farroux v. Denny's Restaurants, Inc.*, 962 S.W.2d 108 (Tex. App. – Houston [1st Dist.] 1997, no pet.) ........................................ 19, 20

{19268.44142-00360383.DOCX}

*Gause v. Gause*, 430 S.W.2d 409 (Tex. Civ. App. – Austin 1968, no writ) ..................................................................................................3, 4

*Houston Cable TV v. Inwood West Civic Assn.*, 839 S.W.2d 497 (Tex. App. – Houston [14th Dist.] 1992, *writ dism'd by agreement,* 860 S.W.2d 72 (Tex. 1993) ........................................14

*Hubbard v. Shankle,* 138 S.W.3d 474 (Tex. App. – Fort Worth 2004, pet. denied) ........................................................................15

*IKB Indus. v. Pro-Line Corp.*, 938 S.W.2d 440 (Tex. 1997) ...............................21

*In re Estate of Berger*, 174 S.W.3d 845 (Tex. App.-Waco 2005, no pet.)................................................................................................ 14, 15

*In re Estate of Loveless*, 64 S.W.3d 564 (Tex. App. – Texarkana 2001, no pet.) .....................................................................................17

*In the Interest of A.L.J.,* 929 S.W.2d 467 (Tex. App. – Tyler 1996, pet. denied) ...........................................................................................21

*Jampole v. Touchy*, 673 S.W.2d 569 (Tex. 1984).....................................................22

*Jones v. Harvey*, 380 S.W.2d 924 (Tex. Civ. App. – Texarkana 1964, no writ)................................................................................23

*Jones v. McSpedden*, 560 S.W.2d 177 (Tex. Civ. App. – Dallas 1977, no writ).................................................................................23

*Lopez v. Munoz, Hockema & Reed,* 22 S.W.3d 857 (Tex. 2000) ........................18

*Lott v. Van Zandt*, 107 S.W.2d 761 (Tex. Civ. App. – Austin 1937, no writ)................................................................................ 13, 14

*Miller v. Fleming,* 233 S.W.2d 571 (Tex. 1950).......................................................14

*Mulvey v. Mobil Prod. Texas,* 147 S.W.3d 594 (Tex. App. – Corpus Christi 2004, pet. denied) .................................................................19

*Nilsen v. Deltombe*, 179 P.2d 353 (Cal. App. 1947) ..............................................15

*Plunkett v. Connecticut Gen. Life Ins. Co.*, 285 S.W.3d 106 (Tex. App. – Dallas 2009, pet. denied) ...............................................................20

v

*Rendleman v. Clarke*, 909 S.W.2d 56 (Tex. App. – Houston [14th Dist.] 1995, pet. dism'd)......................................................................16

*Ross v. Goldstein,* 203 S.W.3d 508 (Tex. App. – Houston [14th Dist.] 2006, no pet.) .....................................................................23

*Rowland v. Holt*, 70 S.W.2d 5 (Ky. App. 1934) .....................................................15

*Shepard v. Cummings,* 44 Tex. 502 (1876)..............................................................13

*Singleton v. LaCoure,* 712 S.W.2d 757 (Tex. App. – Houston [14th Dist.] 1986, writ ref'd n.r.e.) ............................................................... 21, 22

*Slentz v. American Airlines, Inc.*, 817 S.W.2d 366 (Tex. App. – Austin 1991, writ denied) .....................................................................24

*Stewart v. Hardie*, 978 S.W.2d 203 (Tex. App. – Fort Worth 1998, pet. denied) ....................................................................................17

*Taylor v. Taylor,* 747 S.W.2d 940 (Tex. App. – Amarillo 1988, writ denied)........................................................................................22

*Travis County Water Control and Imp. Dist. v. McMillen*, 414 S.W.2d 450 (Tex. 1966).....................................................................14

*Trostle v. Trostle,* 77 S.W.3d 908 (Tex. App. – Amarillo 2002, no pet.)............................................................................................20

*Villareal v. Martinez,* 834 S.W.2d 450 (Tex. App. – Corpus Christi 1992, no writ)....................................................................................23

*Wheeler v. Methodist Hospital*, 95 S.W.3d 628 (Tex. App. – Houston [1st Dist.] 2002, no pet.) .............................................................16


*Statutes*

TEX. PROP. CODE ANN. § 112.004 (Vernon 2014) .......................................... 15, 24


*Rules*

TEX. R. APP. P. Rule 38.1(i)........................................................................................16

{19268.44142-00360383.DOCX}

**TEX. R. CIV. P. Rule 90** ........................................................................23

**TEX. R. CIV. P. Rule 91**........................................................................23

**TEX. R. EVID. Rule 1004** .....................................................................14

<u>*Other Authorities*</u>

**Dorsaneo, TEXAS LITIGATION GUIDE § 70.03 [1]** .......................................23

No. 03-13-00768-CV

IN THE COURT OF APPEALS

FOR THE 3RD JUDICIAL DISTRICT OF TEXAS

AT AUSTIN

RITA MARY GAUSE, *Appellant*

V.

THOMAS X. GAUSE, *Appellee*

Appealed from
the 155th District Court of
Fayette County, Texas

BRIEF OF APPELLEE

TO THE HONORABLE JUSTICES OF THE THIRD COURT OF APPEALS:

Thomas X. Gause, Appellee in this appeal and Plaintiff below, respectfully files this, his Brief of Appellee, in this appeal from a Judgment entered by the 155th District Court, Fayette County, Texas, the Honorable Gladys Oakley presiding.

1

## REFERENCES TO PARTIES

For convenience, Appellant, Rita Mary Gause, is herein sometimes referred to as "Rita". Appellee, Thomas X. Gause, is sometimes referred to as "Thomas".

## REFERENCES TO RECORD

All references to the Clerk's Record appear as "(CR _____)" followed by the appropriate reference page number(s).

## STATEMENT OF THE CASE

This suit was brought by Thomas Gause to determine and enforce the terms of a written *inter vivos* trust created by his father, Leonard Lucian Gause, Jr. on April 6, 1985 (the "Survivor's Trust). The original of the trust instrument is now lost.[1] The case was determined by summary judgment. That summary judgment confirmed the existence of the Survivor's Trust, established its terms, determined the title to trust property, removed Rita as Trustee, and ordered a trust accounting.[2] From that judgment, Rita has brought this appeal.[3]

## ISSUES PRESENTED

**1.** Whether the trial court correctly determined the existence and terms of the Survivor's Trust, a lost instrument, by extrinsic proof.

---

[1] CR 379-416.

[2] CR 545-548.

[3] CR 574-575.

2

**2.**     Whether the trial court correctly found that there was no genuine issue of material fact precluding the entry of summary judgment.

**3.**     Whether the trial court correctly overruled Rita's special exception to the Joint Motion for Partial Summary Judgment.

## STATEMENT OF FACTS

**1.     Original Acquisition of 105 Acre Tract.**  In May 1945, Leonard Lucian Gause, Jr. (then 20 years of age) ("Leonard Jr.") purchased approximately 105 acres in Fayette County fenced into constituent parcels of 95 acres and 10 acres (collectively the "Property").  Leonard Jr. bought the Property through his father, Leonard Lucian Gause, Sr. ("Leonard Sr.").  Although the deed was taken in the name of the Leonard Sr., all consideration for the purchase was furnished by Leonard Jr.[4]

**2.     Marriage of Leonard Jr.**  Leonard Jr. married Rita Mary Gause ("Rita") on April 27, 1946.[5]  Of that marriage were born seven children:

(1.)   Thomas X. Gause
(2.)   John Gause
(3.)   Patricia Gause Spaeth
(4.)   Elizabeth Gause Atkinson
(5.)   Brandon Gause
(6.)   Paul Gause
(7.)   Jeanette Gause Hall

---

[4] CR 37.  *See also, Gause v. Gause*, 430 S.W.2d 409, 411 (Tex. Civ. App. – Austin 1968, no writ).

[5] CR 37, 514.

3

**3.** **Conveyance by Leonard Sr. to Leonard Jr.** In April 1949, following Leonard Jr.'s 21st birthday, Leonard Sr. conveyed the entirety of the Property to Leonard Jr.[6]

**4.** **1985 Survivor's Trust.** In 1985, Leonard Jr. executed a trust instrument and deed (the "Survivor's Trust") whose principal terms were as follows:

  a. The assets of the Survivor's Trust included Leonard Jr.'s one-half undivided interest in the 95 acre tract out of the original Property.
  b. The 10 acre tract was to be transferred to Leonard Jr.'s son, Brandon Gause ("Brandon") for Brandon's exclusive use and enjoyment.
  c. The 95 acre tract was to be held in Trust by Rita, as Trustee, for Rita's benefit, well-being, and maintenance (including the power to sell, transfer, and consume same during Rita's lifetime) and upon the death of Rita the remaining trust assets were to be distributed equally to four of the Gause children, Thomas Gause ("Thomas"), John Gause ("John"), Patricia Gause Spaeth ("Patricia"), and Elizabeth Gause Atkinson ("Elizabeth").[7]

The remaining children, Paul Gause ("Paul"), Jeannette Gause Hall ("Jeannette"), and Brandon were excluded as beneficiaries of the Survivor's Trust either because

---

[6] CR 37, 514. *See also, Gause v. Gause, supra* at 411. Simultaneously with this deed, the 10 ac. tract was conveyed to Leonard Sr. with Leonard Jr. retaining the 95 acre tract. Title to the 10 ac. tract was restored in Leonard Jr. and Rita in subsequent litigation. *See Gause* at 412.

[7] CR 18-23, 57-62, 120-23, 133, 139, 231-35, 302-06, 342, 344, 441, 443, 476-480, 522, 526.

{19268.44142-00360383.DOCX}

other *inter vivos* gifts were made for their benefit or because of expressed disinterest in the Property.[8] Rita helped write up the Survivor's Trust and typed it.[9]

5.  **Last Will and Testament of Leonard Jr.**  On January 25, 1992, Leonard Jr. executed a holographic Last Will and Testament which referred to and adopted by reference the pre-existing Survivor's Trust:

> "All the rest and residue of my estate, both real and personal, of whatsoever kind and/or character and wheresoever situated , I [Leonard Jr.] give, devise and bequeath to Rita Mary Gause of Fayette County, Texas, as Trustee under the terms of a certain Deed of Trust executed by me and said Rita Mary Gause as of April 6, 1985 and already in existence and I specifically direct and provide that the property received by virtue of this bequest shall be held by said Trustee, to be administered in accordance with the provisions thereof as an addition to the trust fund and said Trustee shall dispense of said property as a part of said trust in accordance with the provisions thereof.[10]

6.  **Death of Leonard Jr.**  Leonard Jr. died on November 21, 1998.[11]

7.  **Rita and Brandon Continue to Reside on the Property.**  Following the death of Leonard Jr., his widow, Rita, and son, Brandon, continued to reside on the Property.[12]

---

[8] CR 133, 342, 441.

[9] CR 133.

[10] CR 9, 13, 47, 86, 91, 222, 226, 253, 257, 396, 432.

[11] CR 38, 82.

[12] CR 83.

5

**8.** **The Survivor's Trust Instrument Lost or Destroyed.** Leonard Jr. kept his Last Will and Testament and Trust Deed creating the Survivor's Trust in his briefcase prior to his death.[13] Two days after his death, this briefcase was retrieved by Jeannette (who was not a beneficiary of the Survivor's Trust).[14] The Will and Survivor's Trust documents were read to Rita and the Gause children.[15] Jeannette then took the contents of the briefcase to her home in Bellaire, Texas.[16] The Survivor's Trust document was never recovered or seen after that date. The Survivor's Trust is believed to have been intentionally lost or destroyed by Jeannette.[17]

**9.** **Rita Deeds Property to Jeannette.** On February 8, 2000, Jeannette prevailed upon Rita to convey the entire Property to Jeannette for minimal consideration. Rita was then in poor health and dependent upon Jeannette for her care.[18]

**10.** **Rita Files Suit to Cancel Deed to Jeannette and Enforce Survivor's Trust (Prior Proceeding).** On June 23, 2000, Rita filed a verified

---

[13] CR 102.

[14] CR 102.

[15] CR 102.

[16] CR 102.

[17] CR 105, 132.

[18] CR 19, 58, 121, 232, 303, 407, 477, 523.

{19268.44142-00360383.DOCX}

petition in a prior proceeding against Jeannette and her husband, David Lee Hall, seeking to cancel the February 8, 2000 deed by reason of fraud, undue influence, lack of consideration, and other grounds.[19]  By the verified petition, Rita recited the terms and acknowledged the existence of the Survivor's Trust:

> "On November 21, 1998 Leonard L. Gause, Jr. died.  He left a valid will, dated January 25, 1992 (the "Will"), in which he bequeathed his entire interest in the Property (as well as various other property) to Plaintiff [Rita], as Trustee of a trust known as the "Survivor's Trust" and apparently dated April 6, 1985."[20]

Rita's suit was brought both in her individual capacity and as Trustee of the Survivor's Trust.[21]  Rita's verified petition additionally recited the terms of the Survivor's Trust:

> "Plaintiff [Rita] submits that the Trust, among other things, provided that the 10 acre tract of the Property was to be conveyed to Brandon Gause.  Moreover, the Trust provided Plaintiff with full power, right, control and authority over the remaining assets in the Trust (including the power to sell, transfer, convey and consume any and/or all of those assets during her lifetime, for her well-being and maintenance), and that upon Plaintiff's death, the balance (if any) of the remaining Trust assets (including the 95 acre tract of the Property) were to be distributed equally between John Gause, Patricia Gause Spaeth, Thomas Gause, and Elizabeth Gause.[22]

---

[19] CR 100-118.

[20] CR 102.

[21] CR 18, 57, 120, 231, 302, 406, 476, 522.

[22] CR 105.

7

**11.** **<u>Brandon Appointed as Executor.</u>** On July 21, 2000, Brandon was appointed Executor of the Estate of Leonard Jr. after the resignation of Rita.[23]

**12.** **<u>Sworn Testimony of the Terms of the Survivor's Trust by Rita and Brandon (Prior Proceeding).</u>** On August 9, 2000, both Rita and Brandon gave sworn testimony in open court confirming both the existence and the specific terms of the Survivor's Trust all as set out in detail in Rita's sworn petition.[24]

**13.** **<u>Final Judgment Sustaining Survivor's Trust and Canceling Deed to Jeannette (Prior Proceeding).</u>** On October 8, 2001, the 155th District Court of Fayette County following jury trial, entered an instructed verdict and judgment *inter alia* canceling the deed to Jeannette, confirming the existence of the Survivor's Trust, and reestablishing title in the Property as follows:

50%   Rita, Individually
50%   Rita, as Trustee of the Survivor's Trust[25]

**14.** **<u>Rita and Brandon Ignore the Survivor's Trust.</u>** Sometime after 2001, Rita and Brandon, contrary to this judgment, began to ignore the existence of the Survivor's Trust.[26]

---

[23] CR 38, 81.

[24] CR 133-35, 342-44, 441-43.

[25] CR 18-23, 57-62, 231-235, 302-306, 406-411, 476-480, 522-526.

[26] CR 83.

{19268.44142-00360383.DOCX}

**15.** **Rita Deeds Property to Brandon.** On May 21, 2002, Rita, acting in her individual capacity, executed a Warranty Deed purporting to convey the entirety of the Property to Brandon for $10 and other good and valuable consideration.[27]

**16.** **Survivor's Trust Beneficiaries Learn of Deed to Brandon.** In early 2007, the Beneficiaries of the Survivor's Trust learned for the first time of the conveyance of the Property from Rita to Brandon for nominal consideration.[28]

**17.** **Suit Filed to Establish Survivor's Trust Interest in Property.** On December 18, 2007, Thomas X. Gause, a remainder beneficiary of the Survivor's Trust, filed the present suit against (1) Rita Mary Gause, Individually, as Executrix of the Estate of Leonard L. Gause, Jr., and as Trustee of the Survivor's Trust, (2) Brandon Gause, Individually and as Executor of the Estate of Leonard L. Gause, Jr., (3) John Gause (*in rem* only); Patricia Gause Spaeth (*in rem* only), and Elizabeth Gause Atkinson (*in rem* only) *inter alia* to establish, protect, and determine the interest of the Survivor's Trust in the Property.[29]

---

[27] CR 63-65, 97-99, 358-360, 412-414, 457-459.

[28] CR 83, 96.

[29] CR 2-24.

9

**18.** **Deposition Testimony of Rita.** On March 24, 2008, Rita Mary Gause gave her sworn deposition in the present suit. Rita then testified that she had no memory of the Survivor's Trust.[30]

**19.** **Accounting Requested.** On April 23, 2008, Thomas Gause requested an accounting from Brandon Gause and Rita Mary Gause regarding their administration of the estate and trust.[31] No accounting was forthcoming.[32]

**20.** **First Motion for Summary Judgment.** On October 20, 2008, Thomas Gause filed herein his initial Motion for Summary Judgment[33] which was denied on February 12, 2009 by the Honorable Dan R. Beck, Judge presiding.[34]

**21.** **Letter by Judge Beck.** On June 15, 2009, Judge Beck wrote a letter to all counsel ruling on nothing but giving some general thoughts of the Court on the case:

> "Dear Counselors:
>
> It "appears" that the property [the Property] is separate and that the community has an "interest" in the property. "Appears" and "interest" are in quotes because of uncertainty on my part. The uncertainties can be resolved by presentation of facts and stipulations thereto.

---

[30] CR 320-321, 350-51, 449-50.

[31] CR 328-29, 415-16, 460-61.

[32] CR 547.

[33] CR 66-200.

[34] CR 207.

{19268.44142-00360383.DOCX}

Mr. Steinhauser's [counsel for Rita] arguments about the trust tugged at every practical bone in my body; however, estoppel issues kept coming back. Equitably, for certain and legally, I believe, Rita and Brandon Gause are estopped.

The property may be consumed as payment for Ms. Gause's care. However, consumption must be reasonable, equitable, and proportional. Facts will assist in these determinations."[35]

**22.** **Joint Motion for Declaratory Judgment.** On June 28, 2010, Thomas, John, Patricia, and Elizabeth filed herein their Joint Motion for Declaratory Judgment.[36]

**23.** **Joint Motion for Summary Judgment.** On May 2, 2011, Thomas, John, Patricia, and Elizabeth filed herein their Joint Motion for Partial Summary Judgment.[37]

**24.** **Order on Joint Motion for Partial Summary Judgment and Declaratory Judgment.** On August 17, 2011, the Court (the Honorable Gladys M. Oakley Presiding)[38] entered its Order on Joint Motion for Partial Summary Judgment and Declaratory Judgment providing in pertinent part:

(a)  That the terms of the Survivor's Trust were:

---

[35] CR 310, 488, 502.

[36] CR 331-361.

[37] CR 418-480.

[38] The Hon. Dan R. Beck had by this time retired. Beck's successor in office having previously appeared in this case as counsel for Rita, Gladys M. Oakley sat by assignment.

11

(i) The asset of the Survivor's Trust was a one-half undivided interest in the 95 acre tract to be held for the benefit of Rita during her lifetime and could be sold to provide for her support.

(ii) The 10 acre tract was to be transferred to Brandon for his use and enjoyment.

(iii) The remainder of the Survivor's Trust was to be distributed among Thomas, John, Patricia, and Elizabeth upon the death of Rita.

(b) The May 21, 2002 deed from Rita to Brandon was cancelled and set aside in its entirety.

(c) Title in the Property was determined to be:

(i) 50% owned by Rita, Individually

(ii) 50% owned by Trustee of the Survivor's Trust

(d) Rita was removed as Trustee of the Survivor's Trust and replaced by Thomas as Successor Trustee

(e) Rita was ordered to provide an accounting of the Survivor's Trust to Thomas not later than August 12, 2011.[39]

**25. Agreed Motion to Sever.** On January 13, 2011, all parties filed herein their Joint Motion to Sever.[40]

**26. Order Granting Agreed Motion to Sever Claims Into Final Judgment.** On March 6, 2012, the Court entered herein its Order Granting Motion to Sever Claims Into Final Judgment.[41]

---

[39] CR 545-47.

[40] CR 550-553.

[41] CR 555-56.

{19268.44142-00360383.DOCX}

**27.** **Appeal.** From this now Final Judgment, Rita has brought this appeal.[42]

## ARGUMENTS AND AUTHORITIES

### 1. Missing Terms of Express Trust.

**A.** **Lost Instrument.** Rita suggests that Thomas is not entitled to summary judgment because "the missing terms of an express trust cannot be established by parol evidence."[43] Rita does not assert that the Survivor's Trust is bereft of any term needful to its existence. Nor does Rita make any attempt to identify the referenced "missing term".[44]

The Survivor's Trust deed was lost or destroyed following the death of Leonard, Jr.[45] and cannot now be located. A deed or trust instrument does no lose its legal effect or fail to convey title because lost or destroyed following its execution.[46] The validity or sufficiency of the instrument is not affected by its

---

[42] CR 574-75.

[43] Appellant's Brief at 9 relying solely on *Brelsford v. Scheltz,* 564 S.W.2d 404, 406 (Tex. Civ. App. – Houston [1st Dist.] 1978, writ ref'd n.r.e.).

[44] *See* Appellant's Brief at 9-10.

[45] Rita concedes that the *inter vivos* Deed of Trust was executed by Leonard Jr. on April 6, 1985, and is now lost. Appellant's Brief at 6.

[46] *Shepard v. Cummings,* 44 Tex. 502, 505 (1876); *Lott v. Van Zandt*, 107 S.W.2d 761, 765 (Tex. Civ. App. – Austin 1937, no writ).

13

subsequent loss.[47]  The instrument, once executed, is not necessary to sustain its conveyancing effect.  It is but the evidence thereof.[48]

As evidence of the transaction, the production of the lost document is excused[49] and other evidence of its contents is admissible.[50]  A search for and loss of the Survivor's Trust document and the inability to locate either an original or copy is conceded by Rita[51] and reflected by the sworn proof of both Rita[52] and Brandon[53] in the prior proceeding.  The predicate for the introduction of extrinsic proof of the Survivor's Trust is by this means established.[54]  This especially when the Survivor's Trust document was last seen in the custody of Jeannette, a party

---

[47] *A.A. Fielder Lumber Co. v. Smith*, 151 S.W. 605, 610 (Tex. Civ. App. – Dallas 1912, writ ref'd); *Lott v. Van Zandt*, 107 S.W.2d 761, 765 (Tex. Civ. App. – Austin 1937, no writ); *Houston Cable TV v. Inwood West Civic Assn.*, 839 S.W.2d 497, 503 (Tex. App. – Houston [14th Dist.] 1992, *writ dism'd by agreement,* 860 S.W.2d 72 (Tex. 1993).

[48] *A.A. Fielder Lumber Co. v. Smith*, *supra* at 610; *Chandler v. Brown*, 301 S.W.2d 720, 722 (Tex. Civ. App. 1957, *writ ref'd n.r.e.*).

[49] TEX. R. EVID. Rule 1004; *Travis County Water Control and Imp. Dist. v. McMillen*, 414 S.W.2d 450, 452-53 (Tex. 1966).

[50] TEX. R. EVID. Rule 1004; *Miller v. Fleming,* 233 S.W.2d 571, 575 (Tex. 1950); *Travis County Water Control and Imp. Dist. v. McMillen*, *supra* at 453; *Bank of America v. Haag*, 37 S.W.3d 55, 58 (Tex. App. – San Antonio 2001, no pet.); *Crosby v. Davis*, 421 S.W.2d 138, 142 (Tex. Civ. App. – Tyler 1967, no writ).

[51] Appellant's Brief at 6.

[52] CR 441-42.

[53] CR 444.

[54] *Travis County Water Control and Imp. Dist., supra* at 453; *In re Estate of Berger*, 174 S.W.3d 845, 847 (Tex. App.-Waco 2005, no pet.).

14

adverse to it and who later attempted to acquire the Property for nominal consideration free of the trust.[55]

The Texas Trust Code does contain a Statute of Frauds provision at TEX. PROP. CODE ANN. § 112.004 (Vernon 2014) requiring a person seeking to enforce a purported trust in real property to "present written evidence of the trust's terms bearing the signature of the settlor or the settlor's authorized agent."[56] However, this Trust Code section does not remove trust instruments from the operation of general rules relating to proof of lost instruments.[57] As long as a Court is able to establish (1) the property, (2) the object, and (3) the beneficiary of a trust with reasonable certainty, the trust may be established by "other evidence" of its execution.[58] No particular words of trust are necessary.[59] All of these essential elements were established by the summary judgment proof.[60]

---

[55] The opportunity of a party adverse to an instrument to destroy it for the purpose of avoiding its consequences is a factor a court may consider in establishing its existence. *See, e.g., Bradley v. Steiner,* 183 N.W. 897, 898-99 (Mich. 1921); *Rowland v. Holt*, 70 S.W.2d 5, 9 (Ky. App. 1934); *Nilsen v. Deltombe*, 179 P.2d 353, 355-56 (Cal. App. 1947).

[56] *See also In re Estate of Berger*, *supra* at 847.

[57] *Berger* at 847.

[58] *Berger* at 847-48. *See also, Hubbard v. Shankle,* 138 S.W.3d 474, 483-84 (Tex. App. – Fort Worth 2004, pet. denied).

[59] *Hubbard v. Shankle*, *supra* at 483.

[60] CR 342, 344, 432, 551, 443, 406-11, 476-480, 522-26.

15

**B.** **Waiver of Point of Error.** Rita does not identify <u>any</u> essential element of the Survivor's Trust missing from either the judgment or proof. Nowhere in Appellant's Brief is there reference to any authorities or to the record regarding the claimed "missing element". Absent concise argument and adequate reference to the record, Appellant's Brief presents nothing for review.[61] It is manifestly not incumbent upon this court or upon Thomas to engage in a wholesale review of the entire record in search of the basis of Rita's generalized argument. Nor is it the obligation of Thomas to reason through Rita's point or error to supply missing substantive analysis.[62] This point of error is waived for failure to direct this court to evidence relied upon in the record.[63]

**2.** **Genuine Issue of Material Fact.**

**A.** **Judicial Estoppel.[64]** Rita's sworn proof regarding the existence and terms of the Survivor's Trust was inconsistent. Her testimony varied wildly depending on whether the existence of the Survivor's Trust promoted or detracted from Rita's then current legal position:

---

[61] TEX. R. APP. P. Rule 38.1(i). *See also, Churchill v. Mayo,* 224 S.W.3d 340, 347 (Tex. App. – Houston [1st Dist.] 2006, pet. denied).

[62] *Wheeler v. Methodist Hospital*, 95 S.W.3d 628, 646 (Tex. App. – Houston [1st Dist.] 2002, no pet.).

[63] *Rendleman v. Clarke*, 909 S.W.2d 56, 59 (Tex. App. – Houston [14th Dist.] 1995, pet. dism'd).

[64] The relevant pleadings by Thomas on this theory are at CR 389-90.

16

**Figure 1.**

| Rita as Proponent of Survivor's Trust (Prior Proceeding) | Rita as Opponent of Survivor's Trust (Present Proceeding) |
|---|---|
| Filed sworn pleading in the capacity of Trustee of the Survivor's Trust CR 100-119, 476 (6/23/2000) | Filed pleadings denying the existence of the Survivor's Trust. CR 504-512 (6/10/2011) |
| Gave sworn testimony and filed sworn pleadings establishing both the existence and specific terms of the Survivor's Trust. CR 105, 441 (6/23/2000, 8/9/2000) | Gave sworn deposition that she didn't remember anything about the Survivor's Trust. CR 453 (3/24/2008) |
| Gave Sworn Testimony that she helped "write up" and "type" the Survivor's Trust. CR 132 ( 8/9/2000) | Gave a sworn affidavit that she was not aware of any Survivor's Trust, had no memory of it, never read it. CR 449, 453, 512 (3/4/2008, 6/10/2011) |

The sworn statements of Rita in the prior proceeding bar her from making wholly inconsistent statements in the present proceeding.[65] The doctrine of judicial estoppel is based on justice and public policy issues.[66] It is designed to protect the integrity of the judicial system and prevent parties situated as Rita from playing "fast and loose" with the courts to suit the parties' purposes.[67] The doctrine's

---

[65] *Brown v. Lanier Worldwide, Inc.*, 124 S.W.3d 883, 898 (Tex. App. – Houston [14th Dist.] 2004, no pet.).

[66] *In re Estate of Loveless*, 64 S.W.3d 564, 578 (Tex. App. – Texarkana 2001, no pet.).

[67] *Stewart v. Hardie*, 978 S.W.2d 203, 208 (Tex. App. – Fort Worth 1998, pet. denied).

{19268.44142-00360383.DOCX}

salutary purpose is to prevent intentional self-contradiction as a method of gaining unfair legal advantage.[68] All elements of judicial estoppel are present:

(1) Prior sworn statement and pleadings by Rita in prior proceeding
(2) Successful maintenance of that legal position in the prior proceeding
(3) Absence of any inadvertence, mistake, fraud, or duress
(4) Clear, deliberate, and unequivocal statements[69]

Rita is barred from raising any sworn summary judgment proof inconsistent with her testimony in the prior proceeding establishing the existence and elements of the Survivor's Trust.

**B.** **Quasi Estoppel.** Thomas readopts here the factual arguments from the foregoing Paragraph 2(A). Rita is likewise prevented from denying the existence and terms of the Survivor's Trust by the doctrine of quasi estoppel.[70] This doctrine applies to preclude a party from asserting, to another's disadvantage, a right inconsistent with a position previously taken by him.[71] The doctrine applies when it would be unconscionable to allow a person to maintain a position inconsistent with one in which he acquiesced, or through which he accepted a

---

[68] *Brown v. Lanier Worldwide, Inc., supra* at 899.

[69] *DeWoody v. Rippley*, 951 S.W.2d 935, 944 (Tex. App. – Fort Worth 1997, pet. dism'd by agreement).

[70] *See Atkinson Gas Co. v. Albrecht*, 878 S.W.2d 236, 240 (Tex. App. – Corpus Christi 1994, pet. denied).

[71] *Lopez v. Munoz, Hockema & Reed,* 22 S.W.3d 857, 864 (Tex. 2000).

18

benefit.[72]   Rita cannot accept the benefits and recognize the existence of the Survivor's Trust in the prior proceeding then adopt an entirely inconsistent position here seeking to avoid the obligations and effects of the trust.[73]   Quasi estoppel is fashioned to avoid just this type of duplicity.  Any other result is to laugh honesty to scorn and allow advantage from dissimulation.

**C.**     **"Sham" Affidavit Cannot Create Fact Issue.**  An individual cannot file an affidavit to contradict his prior sworn testimony without any explanation for the change in testimony and for the purpose of creating a fact issue to avoid summary judgment.[74] An affiant cannot testify once of having knowledge of the subject event and another time to having no knowledge of the same event without running afoul of the rule against "sham" affidavits.[75]   Without an explanation of the change in testimony, a court may assume the affidavit is made in

---

[72] *Mulvey v. Mobil Prod. Texas,* 147 S.W.3d 594, 607 (Tex. App. – Corpus Christi 2004, pet. denied).

[73] *Atkinson Gas Co. v. Albrecht, supra* at 240.

[74] *Eslon Thermoplastics v. Dynamic Systems,* 49 S.W.3d 891, 901 (Tex. App.  – Austin 2001, no pet.); *Farroux v. Denny's Restaurants, Inc.*, 962 S.W.2d 108, 111 (Tex. App. – Houston [1st Dist.] 1997, no pet.).

[75] *See Eslon Thermoplastics v. Dynamic Systems, supra* at 901.

19

bad faith and for purpose of avoiding summary judgment.[76]  The court may disregard the affidavit as summary judgment evidence.[77]

Rita's affidavit of June 10, 2011[78] contradicts her earlier testimony.[79]  Rita offers no explanation for the discrepancy.[80]  She cannot claim an intimate knowledge of the Survivor's Trust in prior testimony then claim either "no memory" or "vague recollections" when a lack of knowledge is more suited to her present legal purpose.[81]  Any contradictory language in Rita's affidavit must be disregarded as lacking good faith made solely for the purpose of avoiding summary judgment.[82]

### 3. Special Exception.

A. **Beck Letter Not Part of Court's Judgment.** Rita suggests that the Beck Letter of June 15, 2009[83] forms no part of the order granting summary

---

[76] *Farroux v. Denny's Restaurants, Inc.*, *supra* at 111.

[77] *Plunkett v. Connecticut Gen. Life Ins. Co.*, 285 S.W.3d 106, 199 (Tex. App. – Dallas 2009, pet. denied).

[78] CR 514-15.

[79] See Figure 1 *supra*.

[80] *See* CR 514-15.

[81] *See Eslon* at 901; *Trostle v. Trostle,* 77 S.W.3d 908, 914 (Tex. App. – Amarillo 2002, no pet.) (appellant who professed knowledge of a critical fact in an earlier deposition could not create a summary judgment fact issue by professing no knowledge of that same fact in a later affidavit).

[82] *Burkett v. Welborn*, 42 S.W.3d 282, 288 (Tex. App. – Texarkana 2001, no pet.).

[83] CR 310.

judgment in favor of Thomas.[84] This would appear to be a correct assessment. The motions upon which judgment was ultimately granted were filed *after* Judge Beck's letter.[85] These motions were ruled upon by Judge Oakley more than two years later, on August 17, 2011.[86] The Beck letter forms no part of the Court's judgment to which error may be ascribed.

**B.** **Fact Findings Cannot Be Basis for Error in Summary Judgment Proceeding.** Even were Judge Beck's 2009 letter a fact finding, no error can be assigned to any statements it contains. Formal findings of fact are not appropriate in a summary judgment proceeding where they would serve no purpose.[87] As a result, the erroneous inclusion of fact findings in a summary judgment proceeding is not error.[88]

If fact findings are made in a summary judgment case, the reviewing Court must ignore the fact findings and proceed to examine the proof under a summary judgment standard of review.[89] The mere inclusion of erroneous fact findings does

---

[84] Appellant's Brief at 11.

[85] The Joint Motion for Declaratory Judgment was not filed until June 28, 2010. CR 331. The Joint Motion for Partial Summary Judgment was filed on May 2, 2011. CR 419.

[86] CR 547.

[87] *IKB Indus. v. Pro-Line Corp.*, 938 S.W.2d 440, 443 (Tex. 1997).

[88] *In the Interest of A.L.J.,* 929 S.W.2d 467, 472 (Tex. App. – Tyler 1996, pet. denied).

[89] *In the Interest of A.L.J., supra* at 472; *Singleton v. LaCoure,* 712 S.W.2d 757, 761 (Tex. App. – Houston [14th Dist.] 1986, writ ref'd n.r.e.).

21

not create a fact issue prohibiting the entry of summary judgment.[90]  The validity

of a summary judgment does not rest in nor is it controlled or qualified by recitals

in the judgment or otherwise.[91]  It is only the decretal portion of the judgment that

operates as an adjudication of the case, not the reasons stated for it.[92]  Whether or

not Judge Beck did or did not make findings of fact is of no moment to this

appellate review.

>    **C.    Inadequate Basis for Special Exception.**  On May 2, 2011,

Thomas, John, Patricia, and Elizabeth filed herein their Joint Motion for Summary

Judgment.[93]  Paragraph 19 of the Motion provided:

> "On June 15, 2009, this Court ruled, in pertinent part, that [e]quitably, for certain and legally…[Defendants] Rita and Brandon are estopped."

> "The Court further ruled that the Property "appears" to be the separate property of Leonard L. Gause, Jr."[94]

Rita specially excepted to these allegations:

> "3.    Defendant specially excepts to Paragraph 19 in Plaintiff's [sic] Joint Motion for Summary Judgment because Plaintiff alleges a letter sent to both parties by Judge Beck constitutes a partial

---

[90] *Singleton v. LaCoure*, *supra* at 761.

[91] *Taylor v. Taylor,* 747 S.W.2d 940, 944 (Tex. App. – Amarillo 1988, writ denied).

[92] *Jampole v. Touchy*, 673 S.W.2d 569, 574 (Tex. 1984).

[93] CR 419-461.

[94] CR 428.

> summary judgment in favor of Plaintiff. [Citation of authorities omitted.]"[95]

Special exceptions may be raised to a summary judgment motion.[96] However, they are properly raised only to challenge (1) the "fair notice" requirements of a pleading or (2) whether a pleading alleges a cause of action recognized in Texas.[97] The purpose of special exceptions is to either force clarification or test the sufficiency of pleadings.[98] A special exception is a dilatory plea.[99] As with other dilatory pleas, it is not intended to be used to address the merits of the opponent's claims.[100] The office of a special exception is not to aver or deny any fact proposition.[101] It is not a substitute for a substantive pleading.[102]

The "special exception" raised by Rita neither attacks the clarity of the Joint Motion for Summary Judgment nor raises any failure to state a recognized cause of

---

[95] CR 483.

[96] *See e.g., Jones v. McSpedden*, 560 S.W.2d 177, 179 (Tex. Civ. App. – Dallas 1977, no writ).

[97] TEX. R. CIV. P. Rule 90, 91; *Ross v. Goldstein,* 203 S.W.3d 508, 512 (Tex. App. – Houston [14th Dist.] 2006, no pet.).

[98] *Villareal v. Martinez,* 834 S.W.2d 450, 451 (Tex. App. – Corpus Christi 1992, no writ).

[99] *Jones v. Harvey*, 380 S.W.2d 924, 926 (Tex. Civ. App. – Texarkana 1964, no writ).

[100] Dorsaneo, TEXAS LITIGATION GUIDE § 70.03 [1].

[101] *Jones v. Harvey*, 380 S.W.2d 924, 926 (Tex. Civ. App. – Texarkana 1964, no writ).

[102] *Id.*

23

action.[103] Thomas' claims in the Joint Motion for Summary Judgment (declaratory judgment to determine terms of trust, judicial estoppel, constructive trust, cancellation of deed, removal of trustee)[104] are not the subject of the special exception.[105] Rather, Rita attempts to use a special exception to challenge the substantive legal effect, if any, of Judge Beck's 2009 letter.[106] This is not the proper purpose of a special exception. The broad discretion accorded the trial court in overruling the special exception should not be disturbed on appeal.[107]

## SUMMARY OF THE ARGUMENT

The lost trust instrument for the Survivor's Trust may be proven by other evidence of its existence and essential terms. TEX. PROP. CODE ANN. § 112.004 does not prohibit such parol proof. The essential elements of the Survivor's Trust (1) the property, (2) the object, and (3) the beneficiaries were established by the summary judgment proof. Rita has waived this point of error for failure to identify any missing element of the trust by reference to both the record and appropriate legal authorities.

---

[103] CR 483.

[104] CR 419-428.

[105] CR 483.

[106] *Id.*

[107] *Slentz v. American Airlines, Inc.*, 817 S.W.2d 366, 368 (Tex. App. – Austin 1991, writ denied).

{19268.44142-00360383.DOCX}

No genuine issue of material fact is established by the affidavit of Rita Gause. Evidence conflicting with her earlier sworn proof and pleadings is barred by judicial estoppel, quasi estoppel, and the "sham" affidavit doctrine.

The 2009 letter of Judge Beck forms no part of the Court's judgment. Its recitals cannot be the basis of error. Rita's special exceptions, as a dilatory plea, were improperly directed to matters outside the scope of a valid special exception.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellee prays that the Judgment of the trial court be affirmed in all things.

Dated:       February 2, 2015

Respectfully submitted,

MOORMAN TATE HALEY
 UPCHURCH & YATES, L.L.P.

By:      /s/ STEVEN C. HALEY
        STEVEN C. HALEY
        State Bar No. 08741900
        207 East Main
        P.O. Box 1808
        Brenham, Texas 77834-1808
        Telephone: (979) 836-5664
        Telecopier: (979) 830-0913
        shaley@moormantate.com

Attorney for THOMAS X. GAUSE

{19268.44142-00360383.DOCX}

## CERTIFICATE OF SERVICE

This is to certify that on the 2nd day of February, 2015, a true and correct copy of the foregoing Brief of Appellee was mailed by certified mail, return receipt requested and/or by facsimile and/or e-mail to the following:

James J. Elick
7 N. Harris
Bellville, Texas  77418
jimelick@hotmail.com


      /s/ STEVEN C. HALEY
      STEVEN C. HALEY


## CERTIFICATE OF COMPLIANCE

The number of words in this Appellee's Brief, excluding those provisions described in Tex. R. App. P. 9.4(i)(1) is 6,493.  This figure is provided in reliance on the word count of the computer program used to prepare this document.

      /s/ STEVEN C. HALEY
      STEVEN C. HALEY

{19268.44142-00360383.DOCX}

# APPENDIX A

(TEX. PROP. CODE ANN. § 112.004)

{19268.44142-00360383.DOCX}

Vernon's Texas Statutes and Codes Annotated
  Property Code (Refs & Annos)
    Title 9. Trusts (Refs & Annos)
      Subtitle B. Texas Trust Code: Creation, Operation, and Termination of Trusts (Refs & Annos)
        Chapter 112. Creation, Validity, Modification, and Termination of Trusts
          Subchapter A. Creation

V.T.C.A., Property Code § 112.004

§ 112.004. Statute of Frauds

[Currentness](#)

A trust in either real or personal property is enforceable only if there is written evidence of the trust's terms bearing the signature of the settlor or the settlor's authorized agent. A trust consisting of personal property, however, is enforceable if created by:

(1) a transfer of the trust property to a trustee who is neither settlor nor beneficiary if the transferor expresses simultaneously with or prior to the transfer the intention to create a trust; or

(2) a declaration in writing by the owner of property that the owner holds the property as trustee for another person or for the owner and another person as a beneficiary.

**Credits**
Added by Acts 1983, 68th Leg., p. 3332, ch. 567, art. 2, § 2, eff. Jan. 1, 1984.

Notes of Decisions (64)

V. T. C. A., Property Code § 112.004, TX PROPERTY § 112.004
Current through the end of the 2013 Third Called Session of the 83rd Legislature

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.

# APPENDIX B

(TEX. R. APP. P. Rule 38.1)

29

{19268.44142-00360383.DOCX}

Vernon's Texas Rules Annotated
    Texas Rules of Appellate Procedure
        Section Two. Appeals from Trial Court Judgments and Orders (Refs & Annos)
            Rule 38. Requisites of Briefs (Refs & Annos)

TX Rules App.Proc., Rule 38.1

38.1. Appellant's Brief

Currentness

The appellant's brief must, under appropriate headings and in the order here indicated, contain the following:

(a) *Identity of Parties and Counsel.* The brief must give a complete list of all parties to the trial court's judgment or order appealed from, and the names and addresses of all trial and appellate counsel, except as otherwise provided in Rule 9.8.

(b) *Table of Contents.* The brief must have a table of contents with references to the pages of the brief. The table of contents must indicate the subject matter of each issue or point, or group of issues or points.

(c) *Index of Authorities.* The brief must have an index of authorities arranged alphabetically and indicating the pages of the brief where the authorities are cited.

(d) *Statement of the Case.* The brief must state concisely the nature of the case (e.g., whether it is a suit for damages, on a note, or involving a murder prosecution), the course of proceedings, and the trial court's disposition of the case. The statement should be supported by record references, should seldom exceed one-half page, and should not discuss the facts.

(e) *Any Statement Regarding Oral Argument.* The brief may include a statement explaining why oral argument should or should not be permitted. Any such statement must not exceed one page and should address how the court's decisional process would, or would not, be aided by oral argument. As required by Rule 39.7, any party requesting oral argument must note that request on the front cover of the party's brief.

(f) *Issues Presented.* The brief must state concisely all issues or points presented for review. The statement of an issue or point will be treated as covering every subsidiary question that is fairly included.

(g) *Statement of Facts.* The brief must state concisely and without argument the facts pertinent to the issues or points presented. In a civil case, the court will accept as true the facts stated unless another party contradicts them. The statement must be supported by record references.

(h) *Summary of the Argument.* The brief must contain a succinct, clear, and accurate statement of the arguments made in the body of the brief. This summary must not merely repeat the issues or points presented for review.

(i) *Argument*. The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.

(j) *Prayer*. The brief must contain a short conclusion that clearly states the nature of the relief sought.

(k) *Appendix in Civil Cases*.

(1) Necessary Contents. Unless voluminous or impracticable, the appendix must contain a copy of:

(A) the trial court's judgment or other appealable order from which relief is sought;

(B) the jury charge and verdict, if any, or the trial court's findings of fact and conclusions of law, if any; and

(C) the text of any rule, regulation, ordinance, statute, constitutional provision, or other law (excluding case law) on which the argument is based, and the text of any contract or other document that is central to the argument.

(2) Optional Contents. The appendix may contain any other item pertinent to the issues or points presented for review, including copies or excerpts of relevant court opinions, laws, documents on which the suit was based, pleadings, excerpts from the reporter's record, and similar material. Items should not be included in the appendix to attempt to avoid the page limits for the brief.

**Credits**
Eff. Sept. 1, 1997. Amended by Supreme Court March 10, 2008, and Aug. 20, 2008, eff. Sept. 1, 2008. Approved by Court of Criminal Appeals Sept. 30, 2008, eff. Sept. 30, 2008.

Notes of Decisions (906)

Rules App. Proc., Rule 38.1, TX R APP Rule 38.1
Current with amendments received through August 15, 2014

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

# APPENDIX C

(TEX. R. EVID. Rule 1004)

{19268.44142-00360383.DOCX}

Vernon's Texas Rules Annotated
  Texas Rules of Evidence (Refs & Annos)
    Article X. Contents of Writings, Recordings, and Photographs (Refs & Annos)

TX Rules of Evidence, Rule 1004

Rule 1004. Admissibility of Other Evidence of Contents

Currentness

The original is not required, and other evidence of the contents of a writing, recording, or photograph is admissible if:

**(a) Originals Lost or Destroyed.** All originals are lost or have been destroyed, unless the proponent lost or destroyed them in bad faith;

**(b) Original Not Obtainable.** No original can be obtained by any available judicial process or procedure;

**(c) Original Outside the State.** No original is located in Texas;

**(d) Original in Possession of Opponent.** At a time when an original was under the control of the party against whom offered, that party was put on notice, by the pleadings or otherwise, that the content would be a subject of proof at the hearing, and that party does not produce the original at the hearing; or

**(e) Collateral Matters.** The writing, recording or photograph is not closely related to a controlling issue.

**Credits**
Eff. March 1, 1998.

Notes of Decisions (15)

Rules of Evid., Rule 1004, TX R EVID Rule 1004
Current with amendments received through August 15, 2014

---

**End of Document**　　　　　　　　　　　　　　© 2015 Thomson Reuters. No claim to original U.S. Government Works.

# APPENDIX D

(TEX. R. CIV. P. Rule 90)

{19268.44142-00360383.DOCX}

Vernon's Texas Rules Annotated
 Texas Rules of Civil Procedure
  Part II. Rules of Practice in District and County Courts
   Section 4. Pleading
    C. Pleadings of Defendant

TX Rules of Civil Procedure, Rule 90

Rule 90. Waiver of Defects in Pleading

Currentness

General demurrers shall not be used. Every defect, omission or fault in a pleading either of form or of substance, which is not specifically pointed out by exception in writing and brought to the attention of the judge in the trial court before the instruction or charge to the jury or, in a non-jury case, before the judgment is signed, shall be deemed to have been waived by the party seeking reversal on such account; provided that this rule shall not apply as to any party against whom default judgment is rendered.

**Credits**

Oct. 29, 1940, eff. Sept. 1, 1941. Amended by order of June 10, 1980, eff. Jan. 1, 1981.

**Editors' Notes**

**GENERAL COMMENTARY--1966**

Following is an excerpt from Stayton, The Scope and Function of Pleading Under the New Federal and Texas Rules: A Comparison, 20 Tex.L.Rev. 16 (1941).

**Elimination of demurrers**

"In many jurisdictions, especially in the past, there has been a great abuse on account of the demurrer practice. Historically, the demurrer at law admitted the allegations of the opposing pleading, not for the sake of argument, but actually. Under that practice the ruling on the demurrer frequently resulted in a loss of the case, either on the part of the demurrant or on the part of the person against whose pleading the demurrer was levelled. In some jurisdictions, moreover, there has been a great abuse on account of successive and vexatious demurrers, particularly special demurrers. Under the new federal rules the demurrer is abolished and in its place law points must be raised either in the answer, or, to some extent, and this is true if the theory be that of the general demurrer, they may be raised in a single motion that is filed previous to the answer. The object seems to be to supply a less technical form of objection by way of one motion instead of several, and by motion or answer instead of by the technical and sometimes vexatious demurrer. A writer has characterized the mischief which is evidently sought to be remedied in this manner: 'The demurrer, incrusted with formality, has been replaced by the less onerous answer and motion. Procedural steps will be eliminated by the requirement of consolidation of motions.' In Texas these mischiefs have never been important. In the first place, the demurrer does not make any actual admission. On the other hand, there has not been any undue abuse by reason of successive or vexatious urging of demurrers.

"The new Texas rules, while abolishing the general demurrer, as presently explained, adhere to the special demurrer or, as we call it, the exception, in order to raise law points respecting the opposing pleading."

Following are excerpts from an address delivered by Robert W. Stayton before the Dallas Bar Association on October 4, 1941. (The Dallas Bar Speaks, 1941.)

"General demurrers have been abolished insofar as they present a medium for 'blind attacks'; in other words, the rules do away with the ability of an attorney to say to the court: 'Something is the matter with the opposite pleading'; then to add no further information or argument; and then, the court having overruled the demurrer, and perhaps the judgment having been lost on the merits, to successfully raise the point of defect of pleading, on appeal, and obtain a reversal.

"The rule upon this point reads that to the effect that 'any defect, omission, or other fault of pleading, either of substance or form, is waived unless challenged by exception or motion before final judgment.' At the recent Austin meeting of district judges, Judge Dibrell raised the point that this might be construed as inviting special exceptions after the case went to trial. I think consideration of the purpose of the rule and of the wording of other rules that relate to the same matter, will demonstrate that such a result is not probable. The purpose of the rule is not to regulate the time for exceptions and motions, respectively, but is to require specific challenge; a rule respecting the answer in general requires due order of pleading, and heretofore that has meant that special exceptions have to be urged before the case goes to trial; the rule prescribing pre-trial hearing requires, where such a hearing is held, that the exceptions be disposed of then and there; and another rule reads that if they are not disposed of at a pre-trial hearing, all issues of law, including, of course, all exceptions, shall be gotten out of the way before the trial commences. It seems obvious that unless in an extraordinary case where the trial judge in his discretion allows and hears a tardy special exception, the general rule remains that special exceptions not urged before the trial commences are waived.

"No longer may this be done. The same point may be raised, but it has to be raised in an informative way. Judge Isaacs in the Legislature opposed these rules, and I think it was mainly because he was under the impression that the proposition raised by general demurrer could no longer be raised, and he anticipated that that was abandoning a useful feature of practice. There are pleadings that state no cause of action, or state no defense, and never can do so; for instance, in a case that is familiar to most of us, where the plaintiff claimed damages because the defendant would not let him cross defendant's land in order to transport his logs to and down Hickory Creek. For all the petition said, the case amounted to that and no more. Doubtless in such a situation the plaintiff never could have stated a cause of action. It was useful to stop him at the beginning. Formerly this could be done, in such a case, by general demurrer. Now it can be done only by a special exception; and the wording of the special exception must be such as to indicate to the court and to opposing counsel, so that the court may rule intelligently, and opposing counsel may amend intelligently, just what is the matter with the pleading that is attacked.

"So the special exception serves that purpose and also serves the purpose, as always, of obtaining more notice and of eliminating immaterialities and other inconvenient parts of the opposite pleading.

"In most cases where the special exception is used for the purpose of challenging the legal sufficiency of the opposite pleading, an amendment will cure the matter. For instance, where the plaintiff omits the allegation of the delivery of a promissory note that is sued upon, or in a suit by an heir which fails to allege that there is no administration, or that there is no necessity for administration; no longer can the defendant 'lie low' upon his generalized demurrer and have two chances to win, one on the merits in the trial court, and the other on the pure point of procedure by way of reversal in the appellate court. The reason is that if he wants to raise such a point, he must specifically state, to return to the illustrations, that the petition is insufficient to state a cause of action because it does not allege delivery, or because it does not allege a want of administration, or the absence of necessity for administration. Of course, such a point being raised, the petition will be made good by amendment. That is the design of the innovation.

"The place for the 'motions' mentioned in the rule is frequently later on in the trial, but the content of the motions is narrow, as we well know. For instance, an objection to testimony is a kind of motion. By it could be raised a question of variance, but under no wholesome rule, and especially under no intendment of the new rules should a question of

failure to state a cause of action be raised by objection to testimony. And so it is with motion for instructed verdict and our motion for judgment notwithstanding the verdict." Rob't W. Stayton, Address before the Dallas Bar Association, October 4, 1941. (The Dallas Bar Speaks, 1941.)

## OPINIONS OF SUBCOMMITTEE ON INTERPRETATION OF RULES
### Generally

The Supreme Court's decision in Jones v. Ross, 173 S.W.2d 1022 did not adversely affect the abolition of the general demurrer and the provisions for ready amendment of defects under the Rules. In the case referred to, plaintiff's petition in the trial court averred an untenable basis of recovery, defendant's general demurrer was sustained, plaintiff refused to amend, and the suit was consequently dismissed. On appeal the Court of Civil Appeals reversed because in its opinion the petition stated a cause of action. The Supreme Court held that the sustaining of a general demurrer was error, under Rule 90, but that it could not reverse the judgment of the district court for such error "because the appellant presented this case to the Court of Civil Appeals on assignments that confined that court to law questions which test the sufficiency of the petition in the district court as against a general demurrer" and because the petition showed that there was no cause of action; and it accordingly reversed judgment of the Court of Civil Appeals and affirmed that of the district court. Motion for rehearing was overruled.

Rule 90 requires that general demurrer shall not be used but that in contested litigation all faults of pleading are waived unless specifically pointed out. A want of cause of action or the failure to state one may be raised; but if so, it must be raised specifically in order that the court and also the pleader may proceed with notice of the fault and that amendment may be effected. Rules 90 and 66.

If a general demurrer is urged, the court at the instance of the opposite party or on its own motion should not sustain it but should strike or overrule it or require it to be reworded. Rules 68, 90. By sustaining the general demurrer the trial court therefore commits error. The question then arises whether the error is reversible.

The court in the present decision answers in the negative, apparently because the appellant did not, on appeal, assign error or complain as to the improper act of the trial court in considering and sustaining a general demurrer. But the opinion impliedly shows that the court was still more persuaded by the conviction that the case was considered in the manner in which the parties desired and that a correct result was reached.

In the state of the record it would seem that by a general demurrer defendant obtained all of the advantage that he would have got from a special one; his demurrer was sustained; and it would seem that the plaintiff waived any objection to the generality of the demurrer by failing to point out that a general demurrer should not be used and by standing on his petition when the general demurrer was sustained. Rule 90. 7 Texas B.J. 44 (1944); 8 Texas B.J. 41 (1945).

### Omission of pleading

The decision of the Supreme Court in Bednarz v. State, 142 T. 138, 176 S.W.2d 562, in which a judgment largely in favor of defendant was affirmed although defendant filed no answer whatever, does not mean that a written answer is immaterial. Where such an omission occurs plaintiff may have a default judgment or he may request the court to require answer to be filed. See Rules 90, 91, 268, 274 and 66. If plaintiff is content to try the matter without an answer, he has no ground to complain. See Rule 67. 7 Texas B.J. 80 (1944); 8 Texas B.J. 43 (1945).

### Conclusions of law

"Allegations of conclusions of law should be treated as good pleadings unless fair notice is not given by them and should even then be considered as sufficient unless objection on that ground is made to them. See Rules 67, 90 and 274." 6 Texas B.J. 77 (1943); 8 Texas B.J. 33 (1945).

Notes of Decisions (489)

Vernon's Ann. Texas Rules Civ. Proc., Rule 90, TX R RCP Rule 90
Current with amendments received through August 15, 2014

**End of Document**                          © 2015 Thomson Reuters. No claim to original U.S. Government Works.

# APPENDIX E

(TEX. R. CIV. P. Rule 91)

{19268.44142-00360383.DOCX}

Vernon's Texas Rules Annotated
 Texas Rules of Civil Procedure
  Part II. Rules of Practice in District and County Courts
   Section 4. Pleading
    C. Pleadings of Defendant

TX Rules of Civil Procedure, Rule 91

Rule 91. Special Exceptions

[Currentness](#)

A special exception shall not only point out the particular pleading excepted to, but it shall also point out intelligibly and with particularity the defect, omission, obscurity, duplicity, generality, or other insufficiency in the allegations in the pleading excepted to.

**Credits**

Oct. 29, 1940, eff. Sept. 1, 1941. Amended by order of March 31, 1941, eff. Sept. 1, 1941.

Notes of Decisions (307)

Vernon's Ann. Texas Rules Civ. Proc., Rule 91, TX R RCP Rule 91

Current with amendments received through August 15, 2014

---

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.